UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JOEL DOUGLAS, | ) |
| STEVEN FOWLER, | ) |
| JAMES LEWIS | ) |
| | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| SCOTT LALUMIER, | ) |
| MIKE LYNDEN, | ) |
| SHAWN LYNDEN | ) |
| RUSSELL OAKES, | ) |
| WAYNE LEWIS, | ) |
| ANDRE BELLUCCI, | ) |
| DAVID JONES, | ) |
| ROBERT BURGESS, | ) |
| JOHN DOE NUMBER I, | ) |
| JOHN DOE NUMBER II, | ) |
| JOHN DOE NUMBER III, | ) |
| ANDROSCOGGIN BANK, | ) |
| BANGOR SAVINGS BANK, | ) |
| CAMDEN NATIONAL BANK, | ) |
| DAVID CLARKE, | ) |
| MILK STREET CAPTIAL, LLC., | ) |
| MECAP, LLC., | ) |
| COASTAL REALTY CAPITAL, LLC., | ) |
| MAINE CAPITAL GROUP, LLC., | ) |
| LH HOUSING LLC., | ) |
| TTJR, LLC., | ) |
| BIRCH POINT STORAGE, LLC., | ) |
| F.O. BAILEY REAL ESTATE, LLC., | ) |
| BLR CAPITAL, LLC., | ) |
| | ) |
| Defendants, | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1

**NOW COMES** the Plaintiffs in the above titled matter and states as follows:


### Nature of the Action


The action arises out a scheme to defraud Joel Douglas, Steven Fowler, and James Lewis out of money or property that has a combined value of approximately $2,750,000.00.   An organization comprised of individuals, banks, and various other types of corporations ("organization") worked together to take control of the plaintiffs' money and/or property by making promises that were false and never intended to be kept through the use of voice communication over the telephone, electronic communications by computer, and the United States mail. Specifically, Scott Lalumiere would offer to provide needed money to people he knew to be vulnerable in exchange for transferring real estate into a corporation controlled by the organization, that there would be a mortgage on the property for the amount of money that the vulnerable people would need to pay creditors to keep their properties, but they would live on the property and maintain control of the property until they paid off the mortgage.   The Corporation would contemporaneously issue a purchase and sale agreement of the property with a set price and a closing date deadline in the distant future, and the victim would then turn over significant sums to the organization to ensure that the purchase and sale agreement would be honored. Once the organization had control of the Plaintiff's money and property, other members of the organization would issue payouts to other members of the organization in exchange for mortgages. Bank members of the organization would payout money to the corporations

controlled by the organization secured by a mortgage on the property for more than Mr.
Lalumiere and the victims agreed but supported by the equity in the property. Private lender
members of the organization would payout money to the corporations secured by a mortgage on
the property subject to the bank mortgage for the remainder of the equity. The victims would
then be forced to lose the property in foreclosure or pay off the bank and private lender notes
secured by the mortgages thus leaving the victims with no equity in their respective property. In
December of 2018, members of the organization began foreclosing on the property under its
control causing Mr. Lewis to lose the home that had been in his family for generations, causing
Mr. Fowler to lose the home he had built, and threatening the home of Mr. Douglas where he
was raising his children with their mother. The scheme to defraud qualifies as predicate acts for
purposes of the Racketeer Influenced and Corrupt Organization Act 18 U.S.C.§ 1961, *et seq*.,
Maine common law torts, and breach of contract.

**Parties**

1.          Plaintiff Joel Douglas is a person residing in Gorham, Maine.

2.          Plaintiff Steven Fowler is a person residing in Portland, Maine.

3.          Plaintiff James Lewis is a person residing in Casco, Maine.

4.          Defendant Maine Capital Group, LLC. is a Maine corporation doing business in

the State of Maine.

5.        Defendant Shawn Lynden is a person residing in Cumberland, Maine

6.        Coastal Reality Capital, LLC is a Maine corporation doing business in the State of Maine.

7.        Defendant Mike Lynden is a person residing in Saco, Maine.

8.        Defendant Russell Oakes is a person residing in Freeport, Maine.

9.        Defendant MECAP, LLC or Milk Street Capital, LLC is a Maine corporation doing business in the State of Maine.

10.       Defendant Andre Bellucci is a person residing in Portland, Maine.

11.       Defendant Scott Lalumiere is a person whose current residency is unknown but reported to be a resident of North Carolina.

12.       Defendant Birch Point Storage, LLC is a Maine corporation doing business in the State of Maine.

4

13.        Defendant LH Housing, LLC is a Maine corporation doing business in the State of Maine.

14.        Defendant BLR Capital, LLC is a Colorado Corporation doing business in the State of Maine.

15.        Defendant TTJR, LLC is a Maine corporation doing business in the State of Maine.

16.        Defendant John Doe Number I is a person whose residency is unknown but who is listed as the at least one member in BLR Capital, LLC.

17.        Defendant Wayne Lewis is a person residing in Loveland, Colorado.

18.        Defendant F.O. Bailey Real Estate, LLC is a Maine corporation doing business in the State of Maine

19.        Defendant David Jones is a person residing in Falmouth, Maine.

20.        Defendant Bangor Saving Bank, is a Maine corporation doing business in the State of Maine.

21.        Defendant Robert Burgess is a person residing in Portland, Maine.

22.        Defendant Androscoggin Savings Bank is a Maine corporation doing business in
           the State of Maine.

23.        Defendant John Doe Number II is a person whose residency is unknown but is the
           bank representative of Androscoggin Savings.

24.        Defendant Camden National Bank is a Maine corporation doing business in the
           State of Maine.

25.        John Doe Number III is a person whose residency is unknown but is the bank
           representative of Camden National Bank.

26.        David Clarke is a person who is a residing Westbrook Maine.

**Subject Matter Jurisdiction**

27.        This action arises under Federal Law, particularly the Racketeer Influenced and
           Corrupt Organization Act 18 U.S.C.§ 1961, *et seq*.

28.        This Court has jurisdiction of this case under and by virtue of 28 U.S.C. § 1343

and 28 U.S.C. § 1331.

29.     This Honorable Court may exercise pendent jurisdiction over the related state law

claims pursuant to 28 U.S.C. § 1367.

## Personal Jurisdiction

30.     This Honorable Court wields jurisdiction over each of the Defendants named

herein pursuant to 14 M.R.S.A. § 704-A in that each of the defendants are

domicile in the State of Maine, a Maine Corporation, or a Corporation or member

of a Corporation doing business in the State of Maine.

## Venue

31.     Venue is properly laid before this Honorable Court pursuant 28 U.S.C § 1391 and

Rule 9(a) of the rules of the United States District Court for the District of Maine

in that all of the acts complained of occurred in the County of Cumberland or the

County of York in the State of Maine.

## Facts Common to all Counts

32.     Milk Street Capital was in the business of loaning money to people who could not

get loans from more conventional sources like banks, credit unions or other financial institutions.

33.     Mike Lynden, Shawn Lynden, Russell Oakes, and Scott Lalumier were owners, managers, employees, or representatives who structured and conducted Milk Street Capital's business.

34.     James Lewis was directed to Milk Street Capital to finance the payoff of a mortgage that was in default during the period of redemption on the home that had belonged to his mother before she passed away.

35.     Milk Street Capital through Mike Lynden made promises to Mr. Lewis that the organization would pay off the mortgage and loan him money to make improvements in exchange for him placing 57 Beach Street in South Portland Maine into a corporation to hold title but that he could continue to live there so long as he paid the mortgage.

36.     On December 12, 2010, James Lewis and his brother executed a transfer of the home located at 57 Beach Street to Lewis Plumbing and Heating, LLC.

37.     Mike Lynden then arranged for a series of mortgages to various corporations.

38.     On September 19, 2014, Mike Lynden arranged for Coastal Reality Capital LLC.

        to loan Mr. Lewis money in the principle amount $125,000.00.


39.     Mike Lynden again promised Mr. Lewis additional funds for needed

        improvements.


40.     Coastal Reality Capital LLC represented Shawn Lynden was its President on

        January 12, 2016.


41.     On November 12, 2018 Andre Bellucci represented that he had the power to

        affect the decisions of Coastal Realty Capital LLC.


42.     Coastal Reality Capital LLC refused to honor its promises to loan additional

        money to Mr. Lewis for the necessary home improvements and never intended to

        loan Mr. Lewis money for home improvements.


43.     Out of frustration, Mr. Lewis stopped making the payments on the notes.


44.     Coastal Reality Capital LLC foreclosed on the notes that pledged 57 Beach Street

        as security.


45.     57 Beach Street then had a value near $460,000.00.

46.     Notwithstanding prejudgment interest, the Maine Superior Court determined the payoff value of the note to be $223,897.65 and foreclosed on the property by default judgment.

47.     Shawn Lynden, Mike Lynden, and Andre Bellucci all knew that Mr. Lewis could not get money from a conventional lender and induced Mr. Lewis to engage in these transactions through fraud.

48.     Lewis Plumbing and Heating LLC was forced to file for bankruptcy and 57 Beach Street was sold by the trustee.

49.     Mike Lyndon, Shawn Lyndon, Andre Bellucci, Milk Street Capital, LLC, MECAP LLC, Maine Capital Group LLC, Coastal Realty Capital, LLC, communicated the terms of the transaction and completed the transaction for 57 Beach Street through the use of telephone, electronic communications or through the use of the United States Mail.

50.     Steven Fowler knew Scott Lalumier through Mr. Fowler's construction business and real estate acquisitions.

51.     Mr. Lalumier knew that Mr. Fowler had been through a divorce and had to

borrow a substantial amount of money in 2017.

52.        During the month of April, Mr. Lalumier offered to lend Mr. Fowler $250,000.00

           and would credit $50,000.00 Mr. Lalumier personally owed Mr. Fowler.

53.        Mr. Lalumier told Mr. Fowler that if Mr. Fowler transferred his property at 661

           Allen Avenue in Portland into Birch Point Storage LLC, made the payments on

           the mortgage, and maintain the property, Mr. Fowler could remain on his property

           as if he owned it, but Mr. Fowler had to maintain the property and complete any

           necessary repairs and improvements.   Further Mr. Lalumier falsely promise Mr.

           Fowler could buy 661 Allen Avenue back at any time for 200,000.00.

54.        Mr. Fowler agreed to the organization's terms of the offer and transferred 661

           Allen Avenue to Birch Point Storage LLC.

55.        Mr. Lalumier issued Mr. Fowler a purchase and sale contract on the property in

           the name of Birch Point Storage LLC.

56.        Mr. Lalumier owned Birch Point Storage and controlled its actions.

57.        Mr. Lalumier characterized the transaction as a sale of the property to

           Androscoggin Bank who had agreed to a mortgage with Birch Point Storage for

11

approximately $400,000.00.

58.          Mr. Lalumier never intended to keep the promises made to Mr. Fowler.

59.          Mr. Fowler was unaware that the amount of the mortgage was $400,000.00 even

though he was at the closing and Scott Lalumier induced Mr. Fowler to engage in

this transaction for 661 Allen Avenue by fraud.

60.          Mr. Lalumier also made an agreement with TTJR, LLC, for a second mortgage of

$151,000.00 as part of a settlement agreement over a dispute for payouts to

members of the organization.

61.          TTJR, LLC is controlled by LH Housing, LLC, BLR Capital, LLC, Wayne Lewis,

and John Doe Number I.

62.          Scott Lalumier, Androscoggin Bank, Milk Street Capital, LLC., MECAP, LLC.,

Birch Point Storage, LLC., TTJR, LLC., LH Housing, LLC., BLR Capital, LLC.,

Wayne Lewis, and John Doe Number I, and John Doe Number II communicated

the terms of the transaction and completed the transaction for 661 Allen Ave

through the use of telephone, electronic communications or through the use of the

United States Mail.

12

63.     661 Allen Avenue had a value near $600,000.00.

64.     Mr. Lalumier met Joel Douglas through Steven Fowler.

65.     Mr. Lalumier offered to loan Mr. Douglas money for the purpose of purchasing a home which required Mr. Douglas to pay $30,000.00 to Mr. Lalumier and the title to the home purchased had to remain in MECAP, LLC's name but the home would otherwise be controlled by Mr. Douglas as if the home were in his name so long as he made payments, and MECAP, LLC would issue a purchase and sale agreement with a closing date in the future for $275,000.00.

66.     Mr. Douglas agreed to the loan.

67.     Mr. Lalumier purchased 75 Queen Street in Gorham Maine.

68.     Mr. Lalumier transferred ownership of 75 Queen Street in Gorham Maine to MECAP, LLC on May 18, 2015.

69.     MECAP LLC issued Mr. Douglas a purchase and sale agreement dated May 19, 2015 that memorialized the terms of the agreement with a closing date of June 30, 2016 at the amount of $275,000.00.

70.     Mr. Lalumier, and MECAP, LLC never intended to honor its agreement and
        induced Mr. Douglas to engage in the transaction through fraud.

71.     On April 13, 2016, MECAP, LLC transferred Mr. Douglas's property to LH
        Housing, LLC.

72.     LH Housing, LLC then received money from TTJR., LLC as a second mortgage
        consuming the equity in the house as a part of the settlement agreement over the
        payout dispute with the other members of the organization.

73.     Russell Oakes told Mr. Douglas that Mr. Lalumier, MECAP, LLC, LH Housing,
        LLC, TTJR, LLC, Mr. Lewis, BLR Capital, LLC and John Doe Number I would
        require 405,000.00 to transfer the title to his name.

74.     Mr. Lalumier, Mr. Oakes, Mr. Lewis, MECAP, LLC, LH Housing, LLC, TTJR,
        LLC, and BLR Capital, LLC communicated the terms of the transaction and
        completed the transaction for 75 Queen Street through the use of telephone,
        electronic communications or through the use of the United States Mail.

75.     Mr. Lalumier used the money from the above fraudulent transactions to fund the
        organization's activities.

14

76.    The organization has a structure whereby conventional lenders and the private lenders are given access to the victims through Mr. Lalumier and the corporate entities are designed to shield the actual lenders from liability for the fraudulent transactions.

77.    The goal of the organization is to make money from the fraudulent transactions and then make that money appear legitimately earned.

78.    In fact, the organization began to sell off the properties acquired through Coastal Realty Capital, LLC, Milk Street Capital LLC, Maine Capital Group LLC, MECAP, LLC, Birch Point Storage LLC, LH Housing, LLC, TTJR, LLC, and BLR Capital, LLC when a dispute between members over payments revealed that Mr. Lalumier was directing too much money to himself and the purchase of real estate he controlled.

79.    Acting on behalf of the organization, David Jones has been representing the organization as it extracts the proceeds from the fraud and makes the money appear legitimate through the transactions.

80.    David Jones as the owner of F.O Bailey Real Estate, LLC provides the organization the appearance of legitimacy.

15

81.     During the above fraudulent transactions, Mr. Lalumier needed additional money
        to fund the organization's activities at the end of 2016.

82.     Mr. Lalumier made an agreement with Mr. Fowler involving three Maine
        properties: 33 Sanborn Lane in Limerick, 181 St. John Street in Portland, and 116
        Old Ben Davis Road in Lyman.

83.     The terms of this agreement were Mr. Lalumier would pay Mr. Fowler a portion
        of his hourly rate and the cost of materials for work completed on a series of
        properties including 33 Sanborn Lane, 181 St. John Street, and 116 Old Ben
        Davis Road and in exchange Mr. Fowler would be allowed to purchase the three
        properties for the payoff amounts on the organization's bank held conventional
        mortgages secured by the three properties once the rehabilitation work was
        completed.

84.     Androscoggin Savings Bank granted a mortgage on 116 Old Ben Davis Road in
        Lyman when Mr. Fowler completed the rehabilitation.

85.     Bangor Savings Bank granted a mortgage on 33 Sanborn Lane in Limerick after
        Mr. Fowler completed the rehabilitation work.

86.     Camden National Bank granted a mortgage to 181 St. John Street in Portland after

Mr. Fowler completed the rehabilitation work.

87.     Mr. Fowler was given control of 33 Sanborn Lane where he rented out the house portion and used the garage portion for his business.

88.     Bangor Savings Bank, Androscoggin Savings Bank, and Camden National Bank all had a special relationships with Scott Lalumier through the representatives Robert Burgess, John Doe Number II, and John Doe Number III that allowed the banks to lend money to the corporate entities without personal guarantees and without regard to debt to income ratios of the specific corporate entity holding title. The respective bank policies and exceptions to that specific customary policies resulted in Bangor Saving Bank, Androscoggin Savings Bank, or Camden National Bank being able to direct the organization and to manage who was responsible for making the payouts secured by the mortgages and who realized the distressed asset at the end of the process.

89.     On Thursday March 19, 2020, David Jones and an associate of David Jones removed property belonging to Mr. Fowler and denied Mr. Fowler access to the property at 33 Sanborn Lane in Limerick.

90.     Even though Mr. Fowler was not the title owner, he was in control of the property at 33 Sanborn Lane as a tenant at will.

17

91.        On March 19, 2020, David Jones claimed to be acting under the authority of

Bangor Savings Bank with respect to 33 Sanborn Lane, which was in fact verified

by Robert Burgess although Mr. Burgess denied that the bank had given Mr.

Jones the broad authority that Mr. Jones claimed.


## COUNT I

## VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT

## ORGANIZATION ACT 18 U.S.C § 1962


92.        Plaintiffs repeats and reallege paragraph 1 through 91.


93.        18 U.S.C § 1964 provides in relevant part, "Any person injured in his business or

property by reason of a violation of section 1962 of this chapter may sue therefor

in any appropriate United States district court and shall recover threefold the

damages he sustains and the cost of the suit, including a reasonable attorney's fee,

except that no person may rely upon any conduct that would have been actionable

as fraud in the purchase or sale of securities to establish a violation of section

1962. The exception contained in the preceding sentence does not apply to an

action against any person that is criminally convicted in connection with the

fraud, in which case the statute of limitations shall start to run on the date on

which the conviction becomes final."

94.     The real estate transactions involved here are not fraud in the purchase and sale of securities.

95.     Coastal Realty Capital, LLC, Milk Street Capital LLC, Maine Capital Group LLC, MECAP, LLC, Birch Point Storage, LLC, LH Housing, LLC, TTJR, LLC, BLR Capital, LLC, F.O. Bailey Real Estate, LLC, Bangor Savings Bank, Androscoggin Savings Bank, Camden National Bank, Mike Lynden, Shawn Lynden. Russell Oakes, Andre Bellucci, Scott Lalumier, Wayne Lewis, John Doe Number I, John Doe Number II, John Doe Number III, Robert Burges and David Clarke are a group of persons or entities that are an association in fact through which the enterprise has carried out its fraudulent scheme.

96.     There is a pattern of racketeering activity because Defendants have engaged in racketeering activity through the predicate acts of mail and wire fraud, 18 U.S.C. §§ 1341, 1343, and money laundering or engaging in monetary transactions derived from unlawful activity 18 U.S.C. § §1956, 1957.

97.     The organization fraudulently induced the plaintiffs to transfer their money or property to the enterprise by telling them they could later buy the respective properties at the amount in the purchase and sale contracts for the respective property or pay off the mortgage.

98.        James Lewis relied on the fraudulent statements of Mike Lynden that there would

           be additional money lent to make necessary repairs.


99.        Steven Fowler relied on Scott Lalumier fraudulent statements that he would be

           able to regain title to his property for $200,000.00.


100.       Joel Douglas relied on Scott Lalumier fraudulent statements that he would be able

           to purchase 75 Queen Street for $275,000.00.


101.       The enterprise was accomplished in purpose through a pattern of Racketeering

           Activity because the transaction involving 57 Beach street qualifies a wire fraud

           or mail fraud, the Transaction involving 661 Allen Avenue qualifies as wire fraud

           or mail fraud, and the transaction involving 75 Queen Street qualifies as wire

           fraud or mail fraud.   Moreover, the transaction involving 33 Sanborn Lane

           qualifies as money laundering or a transaction derived from illegal activity.


102.       The Scheme relied on communications through telephone, email, and texts and it

           was foreseeable that the use of those modes of communication were both

           necessary and likely to be used to accomplish the fraud.


103.       The association-in-fact enterprise is evidenced by the organizational structure and

discrete tasks through which the Enterprise Defendants carry out their schemes, in that vulnerable victims were recruited, control over their property achieved, conventional lenders lent money secured by the controlled property, private lenders were then given the remaining equity. The Enterprise then sold the distressed property for value legitimizing the transactions once the equity was taken as payouts.

104.     The enterprise has caused the Plaintiffs to lose more than 1,000,000.00 in equity in their homes.

.

WHEREFORE, Plaintiff, Mr. Lewis, Mr. Fowler, and Mr. Douglas requests that this Honorable Court (1) enter judgment in favor of the plaintiff in an amount that fully and completely compensates them for the injuries they have sustained, (2) award them treble damages, attorney's fees and costs pursuant to 18 U.S.C. § 1961, and (3) award such other and further relief as this Honorable Court deems just and proper.

## COUNT II

## FRAUD

105.     Plaintiffs James Lewis, Steven Fowler, and Joel Douglas repeat and re-allege Paragraphs 1 through 104.

21

106.       Defendants Coastal Realty Capital, LLC, Milk Street Capital LLC. Maine Capital

Group LLC., MECAP, LLC., Birch point Storage, LLC, LH Housing, LLC.,

TTJR, LLC., BLR Capital, LLC., F.O. Bailey Real Estate, LLC., Bangor Savings

Bank, Androscoggin Savings Bank Camden National Bank, Mike Lynden, Shawn

Lynden. Russell Oakes, Andre Bellucci, Scott Lalumier, Wayne Lewis, John Doe

Number I, John Doe Number II, John Doe Number III, Robert Burges and David

Clarke with foreknowledge of the falsity of their statements and representations

knowingly misstated and misrepresented that the properties at 57 beach street, 661

Allen Avenue, and 75 Queen Street would ever have title returned to their owners.

107.       Defendant's fraudulent statements and misrepresentations were made with the

intention that Plaintiffs would rely upon them to their detriment.

108.       The Defendant's fraud has cost the plaintiffs more than $2,750,000.00 in

damages.

WHEREFORE, Plaintiff, Mr. Lewis, Mr. Fowler, and Mr. Douglas requests that this Honorable

Court (1) enter judgment in favor of the plaintiff in an amount that fully and completely

compensates them for the injuries they have sustained, (2) punitive damages (3) and award such

other and further relief as this Honorable Court deems just and proper.

## COUNT III

## BREACH OF CONTRACT

109.        Plaintiff James Lewis repeats and realleges paragraph 1 through 108.

110.        Mike Lynden made an oral contract with Mr. Lewis to supply additional money to

make necessary repairs to the aforementioned property at 57 Beach Street.

111.        Mike Lynden, Milk Street Capital, Coastal Realty Capital, and Maine Capital

Group failed to honor their contract.

112.        The failure to honor the contract and subsequent refusal to lend additional sums of

money for necessary repairs resulted in damages of approximately $224,000.00.

WHEREFORE, Plaintiff, Mr. Lewis requests that this Honorable Court (1) enter judgment in

favor of the plaintiff in an amount that fully and completely compensates them for the injuries

they have sustained, (2) and award such other and further relief as this Honorable Court deems

just and proper.

## COUNT IV

## BREACH OF CONTRACT

113.        Plaintiff Steven Fowler repeats and realleges paragraph 1 through 112.

114.        Scott Lalumier, Milk Street Capital LLC, MECAP LLC, Birch Point Storage,

            LLC, Androscoggin Savings Bank LLC, TTJR LLC, LH Housing LLC, Wayne

            Lewis, and John Doe Number I John Doe Number II had a contract with Mr.

            Fowler for the purchase of the home 661 Allen Avenue for the amount

            $200,000.00.

115.        Scott Lalumier, Milk Street Capital LLC, MECAP LLC, Birch Point Storage,

            LLC, Androscoggin Savings Bank LLC, TTJR LLC, LH Housing LLC, Wayne

            Lewis, and John Doe Number I John Doe Number II failed to honor that contract

            for the sale 661 Allen Avenue and will not return title for $200,000.00.

116.        The failure to honor the contract has resulted in the loss of approximately

            $450,000.00 to Mr. Fowler.

WHEREFORE, Plaintiff, Mr. Fowler requests that this Honorable Court (1) enter judgment in

favor of the plaintiff in an amount that fully and completely compensates them for the injuries

they have sustained, (2) and award such other and further relief as this Honorable Court deems

just and proper.

**COUNT V**

24

**BREACH OF CONTRACT**

117.        Plaintiff Joel Douglas repeats and realleges paragraph 1 through 116.

118.        Scott Lalumier, Milk Street Capital LLC, MECAP LLC, Birch Point Storage

            LLC, TTJR LLC, LH Housing LLC, Wayne Lewis, and John Doe Number I, and

            John Doe Number II had a contract with Mr. Douglas for the purchase of the

            home at 75 Queen Street for the amount $275,000.00.

119.        Scott Lalumier, Milk Street Capital LLC, MECAP LLC, TTJR LLC, LH Housing

            LLC, Wayne Lewis, and John Doe Number I failed to honor that contract for the

            sale of 75 Queen Street and will not return title for $245,000.00.

120.        The failure to honor the contract has resulted in the loss of approximately

            $300,000.00 to Mr. Douglas.

WHEREFORE, Plaintiff, Mr. Douglas requests that this Honorable Court (1) enter judgment in

favor of the plaintiff in an amount that fully and completely compensates them for the injuries

they have sustained, (2) and award such other and further relief as this Honorable Court deems

just and proper.

**COUNT VI**

## BREACH OF CONTRACT

121.        Plaintiff Steven Fowler repeats and realleges paragraph 1 through 120.

122.        Scott Lalumier, Milk Street Capital LLC, MECAP LLC, Birch Point Storage

            LLC, Androscoggin Savings Bank, Bangor Savings Bank, Camden National Bank

            TTJR LLC, LH Housing LLC, Wayne Lewis, and John Doe Number I, John Doe

            Number II, John Doe Number III, Robert Burgess had a contract with Mr. Fowler

            for the purchase of the home at 33 Sanborn Street, 181 St. John Street, and 116

            Old Ben Davis Road in the amount of the mortgages by Bangor Savings

            Androscoggin Savings Bank and Camden National Bank.

123.        Scott Lalumier, Milk Street Capital LLC, MECAP LLC, Birch Point Storage

            LLC, Androscoggin Savings Bank, Bangor Savings Bank, Camden National Bank

            TTJR LLC, LH Housing LLC, Wayne Lewis, and John Doe Number I, John Doe

            Number II, John Doe Number III, Robert Burgess will not cause title to be turned

            over to Mr. Fowler.

124.        The failure to honor the contract has resulted in the loss of approximately

            $300,000.00 to Mr. Fowler.

WHEREFORE, Plaintiff, Mr. Fowler requests that this Honorable Court (1) enter judgment in

favor of the plaintiff in an amount that fully and completely compensates them for the injuries they have sustained, (2) and award such other and further relief as this Honorable Court deems just and proper.

**COUNT VII**

**TRESPASS**

125.        Mr. Fowler repeats and re-alleges paragraphs 1 through 124.

126.        Mr. Fowler had lawful possession of the aforementioned home at 33 Sanborn Lane.

127.        Mr. Jones had no right of entry.

128.        Mr. Jones's entry into the home and removal of Mr. Fowler's personal property caused the destruction of Mr. Fowler's personal property.

129.        Mr. Fowler is entitled to recovery in the amount equal to the value of the destroyed property.

WHEREFORE, Plaintiff, Mr. Fowler requests that this Honorable Court (1) enter judgment in favor of the plaintiff in an amount that fully and completely compensates them for the injuries they have sustained, (2) and award such other and further relief as this Honorable Court deems

just and proper

## COUNT VIII

### ILLEGAL EVICTION

130.     Mr. Fowler repeats and re-alleges paragraphs 1 through 129.

131.     14 M.R.S.A.§ 6014 states in relevant part "[e]xcept as permitted by Title 15, chapter 517 or Title 17, chapter 91, evictions that are effected without resort to the provisions of this chapter are illegal and against public policy."

132.     14 M.R.S.A.§ 6014 specifically prohibits the denial of access by any landlord except to make actual repairs for the period of time the repairs are in process or in an emergency.

133.     There were no repairs made to aforementioned 33 Sanborn Lane during any access attempts by Mr. Fowler.

134.     There was no emergency that required the removal of Mr. Fowler's property.

135.     Mr. Fowler was a tenant at will and not given notice of termination which had been served on Mr. Fowler.

136.        David Jones did deny Mr. Fowler access to his premises and property.

WHEREFORE, Plaintiff, Mr. Fowler requests that this Honorable Court (1) enter judgment in favor of the plaintiff in an amount that fully and completely compensates them for the injuries they have sustained, (2) and award such other and further relief as this Honorable Court deems just and proper

## COUNT IX

## UNFAIR AND DECPETIVE TRADE PRACTICE

137.        Mr. Fowler, Mr. Douglas, and Mr, Lewis repeats and re-alleges paragraph
            1through 136.

138.        Pursuant to 14 M.R.S.A. § 6030 It is an unfair and deceptive trade practice in
            violation of Title 5, section 207 for a landlord to require a tenant to enter into a
            lease or tenancy at will agreement for a dwelling unit, as defined in section 6021,
            in which the tenant agrees to a provision that has the effect of waiving a tenant
            right established in chapter 709.

139.        Fraud is an unfair and deceptive trade practice.

140.      Removing Mr. Fowler's personal property is an unfair and deceptive trade practice as a violation 14 M.R.S.A. § 6014.

141.      Scott Lalumier, MECAP LLC., Bangor Savings Bank, Robert Burgess, David Jones, F.O. Bailey Real Estate LLC. committed the acts described in paragraph 78 through 91 and paragraph 130 through 136 were committed with actual malice.

142.      Defendants Coastal Realty Capital, LLC, Milk Street Capital LLC. Maine Capital Group LLC., MECAP, LLC., Birch point Storage, LLC, LH Housing, LLC., TTJR, LLC., BLR Capital, LLC., F.O. Bailey Real Estate, LLC., Bangor Savings Bank, Androscoggin Savings Bank Camden National Bank, Mike Lynden, Shawn Lynden. Russell Oakes, Andre Bellucci, Scott Lalumier, Wayne Lewis, John Doe Number I, John Doe Number II, John Doe Number III, Robert Burges and David Clarke have combined value that exceeds $20,000,000.00.

WHEREFORE, Plaintiffs, Mr. Fowler requests that this Honorable Court (1) enter judgment in favor of the plaintiff in an amount that fully and completely compensates them for the injuries they have sustained, (2) punitive damages in amount determined sufficient to deter such conduct, (3) and award such other and further relief as this Honorable Court deems just and proper

## COUNT X

## CONVERSION OF PERSONAL PROPERTY

143.        Mr. Fowler repeats and re-alleges paragraphs 1 through 142 and further alleges:

144.        David Jones, Bangor Savings Bank, and Robert Burges took possession of Mr. Fowler's property.

145.        Mr. Fowler has a property interest in his personal property at 33Sanborn Lane.

146.        Mr. Fowler had a right to possession of his personal property at the time Mr. Jones denied him access to his property.

147.        Because Mr. Jones's possession of Mr. Fowler's personal property was unlawful, it is not necessary to demand its return.

148.        In the event that it is necessary to demand return, Mr. Fowler told Mr. Jones that his property was in the home and he had no right to its possession and that he wanted his property back.

WHEREFORE, Plaintiff, Mr. Fowler requests that this Honorable Court (1) enter judgment in favor of the plaintiff in an amount that fully and completely compensates them for the injuries they have sustained, (2) and award such other and further relief as this Honorable Court deems just and proper

## COUNT XI

## NEGLIGENT DESTRUCTION OF PERSONAL PROPERTY

149.        Mr. Fowler repeats and re-alleges paragraphs 1 through 148 and further alleges:

150.        Mr. Jones had a duty to protect Mr. Fowler's personal property from destruction.

151.        Mr. Jones violated that duty by disposing Mr. fowler's property.

152.        Mr. Jones's actions were the proximate cause of the destruction of Mr. Fowler's property.

153.        Mr. Fowler suffered damages in the amount equal to the value of his destroyed property.

WHEREFORE, Plaintiff, Mr. Fowler requests that this Honorable Court (1) enter judgment in favor of the plaintiff in an amount that fully and completely compensates them for the injuries they have sustained, (2) and award such other and further relief as this Honorable Court deems just and proper.

## COUNT XII

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

154.	Mr. Lewis repeats re-alleges paragraphs 1 through 153 and further alleges:

155.	Mr. Bellucci negligently caused the infliction of severe emotional distress.

156.	Mr. Bellucci's behavior was so outrageous that it cannot be tolerated in civilized society.

157.	Mr. Bellucci's negligence caused the severe emotional distress of Mr. Lewis.

158.	Mr. Bellucci could reasonably foresee that offering to purchase 57 Beach Street for $380,000.00 and then revoking the offer days before the foreclosure sale would cause Mr. Lewis severe emotional distress.

159.	The distress is so severe that no ordinary person could be expected to endure it.

WHEREFORE, Plaintiff, Mr. Fowler requests that this Honorable Court (1) enter judgment in favor of the plaintiff in an amount that fully and completely compensates them for the injuries they have sustained, (2) and award such other and further relief as this Honorable Court deems just and proper

## COUNT XIII.

## UNJUST ENRICHMENT

160.        Plaintiffs Joel Douglas and Steven Fowler repeat and re-allege paragraphs 1

            through 159.

161.        Milk Street Capital LLC. Maine Capital Group LLC., MECAP, LLC., LH

            Housing, LLC., TTJR, LLC., BLR Capital, LLC., F.O. Bailey Real Estate, LLC.,

            Bangor Savings Bank, Androscoggin Savings Bank Camden National Bank, Mike

            Lynden, Shawn Lynden. Russell Oakes, Scott Lalumier, Wayne Lewis, John Doe

            Number I, John Doe Number II, John Doe Number III, Robert Burges and David

            Clarke extraction of equity from the homes at 661 Allen Avenue and 57 Queen

            Street when Mr. Douglas and Mr. Fowler paid the underlying obligations on the

            property unjustly enriched the organization, which in good faith and conscience

            they should not be permitted to keep.

162.        By Reason of the forgoing unjust enrichment, the Mr. Douglas and Mr. Fowler

            have been damaged by more than $1,000,000.00.

WHEREFORE, Plaintiff, Mr. Fowler requests that this Honorable Court (1) enter judgment in

favor of the plaintiff in an amount that fully and completely compensates them for the injuries

they have sustained, (2) and award such other and further relief as this Honorable Court deems

just and proper.

Dated: June 22, 2020                                   /s/ Robert C. Andrews
                                                       Robert C. Andrews
                                                       Bar Number 8980
                                                       P.O. Box 17621
                                                       Portland, Maine 04112
                                                       207-879-9850