UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| JOEL DOUGLAS, | ) | |
| STEVEN FOWLER, | ) | |
| JAMES LEWIS | ) | |
| | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| | ) | |
| SCOTT LALUMIERE, | ) | |
| ERIC HOLSAPPLE, | ) | |
| WAYNE LEWIS | ) | |
| RUSSELL OAKES, | ) | |
| MICHAEL LYNDEN, | ) | |
| SHAWN LYNDEN | ) | |
| JOHN DOE NUMBER II, | ) | |
| JOHN DOE NUMBER III, | ) | |
| JOHN DOE NUMBER IV, | ) | 20-CV-227-DBH |
| ANDROSCOGGIN SAVINGS BANK | ) | |
| MACHIAS SAVINGS BANK | ) | |
| COASTAL REALTY CAPITAL, LLC., | ) | |
| ANDRE BELLUCCI, | ) | |
| DAVID CLARKE, | ) | |
| DAVID JONES, | ) | |
| DAVID HIRSHON | ) | |
| ROBERT BURGESS, | ) | |
| BANGOR SAVINGS BANK, | ) | |
| CAMDEN NATIONAL BANK, | ) | |
| MECAP, LLC., | ) | |
| LH HOUSING LLC., | ) | |
| BIRCH POINT STORAGE, LLC., | ) | |
| F.O. BAILEY REAL ESTATE, LLC., | ) | |
| LOSU, LLC., | ) | |
| TTJR, LLC., | ) | |
| BLR CAPITAL, LLC. | ) | |
| | ) | |
| Defendants, | ) | |

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

1

**NOW COMES** the Plaintiffs in the above titled matter and states as follows:


### Nature of the Action


The action arises out of a scheme to defraud Joel Douglas, Steven Fowler, and James Lewis out of money or property that has a combined value of approximately $2,750,000.00.   An Enterprise comprised of various other of corporations ("Enterprise") that worked together to take control of the plaintiffs' money and/or property by making promises that were false and were never intended to be kept through the use of voice communication over the telephone, electronic communications by computer, and written communications sent through the United States mail. Specifically, Scott Lalumiere would offer to provide needed money to people he knew to be vulnerable in exchange for transferring real estate into a corporation controlled by Eric Holsapple, Wayne Lewis, Scott Lalumiere, and Shawn Lynden, that there would be a mortgage placed on the property for the amount of money that the vulnerable people would need to pay to the creditors to keep their properties, but they would live on the property and maintain control of the property until the victims paid off the mortgage.   The Enterprise would contemporaneously issue a purchase and sale agreement for the property with a set price and a closing date deadline in the distant future, and the victims would then turn over significant sums to the organization to ensure that the purchase and sale agreement would be honored. Once the Enterprise had control of the victim's money and property, other conspiring banks with the Enterprise would issue payouts to the enterprise in exchange for mortgages. Bank members of the conspiracy would

provide funds to the corporations controlled by the Enterprise secured by a mortgage on the property for more than Mr. Lalumiere and the victims agreed. Private lender members of the conspiracy would provide funds to the Enterprise secured by a mortgage on the property subject to the bank mortgage for the remainder of the equity. The victims would then be forced to lose the property in foreclosure or pay off the bank and private lender notes secured by the mortgages leaving the victims with no equity in their respective property. In December of 2018, members of the organization began foreclosing on the property under its control causing Mr. Lewis to lose the home that had been in his family for generations, causing Mr. Fowler to lose the home he had built, and threatening the home of Mr. Douglas where he was raising his children with their mother. The scheme to defraud qualifies as predicate acts for purposes of the Racketeer Influenced and Corrupt Organization Act 18 U.S.C.§ 1961, *et seq*., Maine common law torts, and breach of contract, and Maine's Unfair and Deceptive Trade Practices Act.

**Parties**

1.        Plaintiff Joel Douglas is a person residing in Gorham, Maine.

2.        Plaintiff Steven Fowler is a person residing in Portland, Maine.

3.        Plaintiff James Lewis is a person residing in Casco, Maine.

4.        Defendant Scott Lalumiere is a person whose current residency is unknown but

3

reported to be a resident of North Carolina.

5.          Defendant Eric Holsapple is a person residing in Fort Collins Colorado.

6.          Defendant Wayne Lewis is a person residing in Loveland, Colorado.

7.          Defendant Russell Oakes is a person residing in Freeport, Maine.

8.          Defendant Michael Lynden is a person residing in Saco, Maine.

9.          Defendant Shawn Lynden is a person residing in Cumberland, Maine.

10          Defendant John Doe Number II is a person whose residency is unknown and is
the bank representative of Androscoggin Savings Bank.

11.         Defendant John Doe Number III is a person whose residency is unknown but is
the bank representative of Camden National Bank.

12.         John Doe Number IV is a person whose residency is unknown but is the bank
representative of Machias Savings Bank.

13.         Defendant Androscoggin Savings Bank is a Maine corporation doing business in

4

the State of Maine.

14.        Defendant Machias Savings Bank is a Maine corporation doing business in the State of Maine.

15.        Defendant Coastal Reality Capital, LLC is a Maine corporation doing business in the State of Maine that operates under the assumed named Maine Capital Group LLC.

16.        Defendant Andre Bellucci is a person residing in Portland, Maine.

17.        David Clarke is a person who is a residing Westbrook Maine.

18.        Defendant David Jones is a person residing in Falmouth, Maine.

19.        Defendant David Hirshon is a person residing in Freeport Maine.

20.        Defendant Robert Burgess is a person residing in Portland, Maine.

21.        Defendant Bangor Savings Bank, is a Maine corporation doing business in the State of Maine.

22.         Defendant Camden National Bank is a Maine corporation doing business in the

State of Maine.

23.         Defendant MECAP, LLC is a Maine corporation doing business in the State of

Maine under the assumed name Milk Street Capital LLC.

24.         Defendant LH Housing, LLC is a Maine corporation doing business in the State

of Maine.

25.         Defendant Birch Point Storage, LLC is a Maine corporation doing business in the

State of Maine.

26.         Defendant F.O. Bailey Real Estate, LLC is a Maine corporation doing business in

the State of Maine.

27.         Defendant LOSU, LLC is a Maine corporation doing business in the State of

Maine.

28.         Defendant TTJR, LLC is a Maine corporation doing business in the State of

Maine.

29.         Defendant BLR Capital, LLC is a Colorado Corporation doing business in the

State of Maine

## Subject Matter Jurisdiction

30.  This action arises under Federal Law, particularly the Racketeer Influenced and Corrupt Organization Act 18 U.S.C.§ 1961, *et seq*.

31.  This action arises under Federal Law, particularly the Truth in Lending Act 15 U.S.C.§ 1640, *et seq*. and the Maine Truth and Lending Act 9A- M.R.S. § 8-505 to the extent the State of Maine has an exemption and is supplemented by 15 U.S.C §1640.

32.  This Court has jurisdiction of this case under and by virtue of 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

33.  This Honorable Court may exercise pendent jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

## Personal Jurisdiction

34.  This Honorable Court wields jurisdiction over each of the Defendants named herein pursuant to 14 M.R.S.A. § 704-A in that each of the defendants are

domiciled in the State of Maine, a Maine Corporation, or a Corporation or a member of a Corporation doing business in the State of Maine.

## Venue

35.    Venue is properly laid before this Honorable Court pursuant 28 U.S.C § 1391 and Rule 9(a) of the rules of the United States District Court for the District of Maine in that all of the acts complained of occurred in the County of Cumberland or the County of York in the State of Maine.

36.    The Plaintiffs request a jury trial in this matter.

## Facts Common to all Counts

37.    MECAP, LLC did business under the assumed name of Milk Street Capital and was in the business of loaning money to people who could not get loans from more conventional sources like banks, credit unions or other financial institutions.

38.    Eric Holsapple communicates with Scott Lalumiere, Wayne Lewis, and Shawn Lynden the terms of the transactions and completes those transaction through the use of telephone, electronic communications or through the use of the United States mail.

8

39.        There is an Enterprise operating in the State of Maine that is directed by Eric Holsapple who directs the activities of Scott Lalumiere and Shawn Lynden from his home in Fort Collins Colorado through Wayne Lewis.

40.        Mike Lynden, Shawn Lynden, Russell Oakes, and Scott Lalumiere were owners, managers, employees, or representatives who structured and conducted the Enterprises activities in the State of Maine through various entities.

41.        Wayne Lewis is the person who acts as a go between for Mr. Holsapple and the Enterprises operations in the State of Maine

42.        Milk Street Capital LLC, MECAP LLC, Birch Point Storage LLC, and Skyline Real Estate Services, Inc. are entities managed by Scott Lalumiere.

43.        Maine Capital Group and Coastal Reality Capital LLC are entities managed by Shawn Lynden.

44.        TTJR, LLC., and BLR Capital LLC., and LH Housing LLC., are entities managed by Wayne Lewis.

45.        Coastal Reality Capital LLC and Maine Capital Group are entities managed by

9

Shawn Lynden.

46.      Robert Burges, John Doe Number II, John Doe Number III, John Doe Number IV

provided funds from Bangor Savings Bank, Androscoggin Savings Bank, Camden

National Bank, and Machias Savings Bank to the Enterprise.

## PATTERN OF RACKETEERING ACTIVITY

47.      The Enterprise used a Sale Lease Back Fraud Scheme to defraud Christina Davis,

Joel Douglas, Steven Fowler, and Matthew Crosby. The Contract used to execute

the Sale Lease Back Fraud Scheme are attached and included by reference as

Exhibit A.

48.      The sale lease back transaction involved the signing over of real estate that was

the victim's home and primary residence to corporate entities controlled by

defendant Scott Lalumiere.

49.      On its face, the purpose in signing over the property was to avoid the notice

requirements of the Truth in Lending Act and Real Estate Settlement Procedures

Act so that the true terms of the transactions would not be revealed to Ms. Davis,

Mr. Douglas, or Mr. Fowler who were told it was part of securing the transaction.

50.     A corporate entity that comprises the association in fact enterprise would then issue a document that gave the victim the right to purchase the property at a set price in a credit sale arrangement. These documents had the titled "lease" or "purchase and sale agreement."

51.     Also on its face, the Enterprise's purpose in requiring the property be held by an entity under its control was to allow non-judicial foreclosure under 14 M.R.S.A. § 6203-A under Maine Law minimizing the possibility that the terms of the transaction would be revealed in a foreclosure action.

52.     Scott Lalumiere would then go to the bank and seek a loan for the commercial properties that were being held by a corporate entity under his control as a sale lease back transaction.

53.     The banks would then review the lease accept the property as collateral and issue funds to the corporate entity.

54.     Because this was a sale lease back, the banks knew the terms of the "leases" and obtained assignments of the leases and recorded those assignments along with Uniform Commercial Code financing statements for the leases.

55.     The "leases" all contained the false promise that the victim would be able to

11

purchase their property back at a set price.

56.       The "leases" from the Enterprise were actually disguised financing agreements
          that triggered specific disclosures under the Truth in Lending Act as credit sale
          transactions and are actually supervised loans by a creditor under the definitions
          in Maine law under 9-A M.R.S § 1-301(12), 9-A M.R.S. § 1-301(17), and 9-A
          M.R.S. § 1-301(40) West 2020.

**THE SETTLER ROAD FRAUD SCHEME**

57.       Christina Davis recorded an Affidavit in the Cumberland County Registry of
          Deeds recounting the sale lease back transaction used to defraud her.   A copy of
          the Affidavit is incorporated by reference as Exhibit B.

58.       Skyline Real Estate Service Inc. issued Ms. Davis a residential lease dated April
          1, 2012 that provided her an option to purchase the property for $140,000.00 that
          was extended through April 30, 2021 by addendum executed by Skyline Real
          Estate Services Inc., on May 1, 2015. See Exhibit A.

59.       Skyline Real Estate Services Inc. was formed by Scott Lalumiere in Maine by use
          of the United States mail on November 3, 2004.

60.      Christina Davis signed over her property located at 36 Settler Road in South
         Portland to Skyline Real Estate Services, Inc by Deed dated April 27, 2012.

61.      Androscoggin Savings Bank secured funds provided to the Enterprise with a
         mortgage on 36 Settler Road on August 23, 2018.

62.      Scott Lalumiere and Androscoggin Savings Bank knew the promise to sell the 36
         Settler Road property back to Ms. Davis for $140,000.00 giving her credit for the
         rental payments towards the purchase price in a credit sale transaction was false
         when it was made in 2012.

63.      Scott Lalumiere transferred the 36 Settler Road property from Skyline Real Estate
         Services Inc. on October 4, 2012 to Melissa Lalumiere.

64.      John Doe Number II knew that the transaction for 36 Settler Road was fraudulent
         at its inception.

65.      While Christina Davis was able secure her home, it was not at the set price and
         did not honor her instalment payments as part of the credit sale transaction.


**THE QUEEN STREET FRAUD SCHEME**


13

66.       Joel Douglas allowed Scott Lalumiere to purchase 75 Queen Street on his behalf
          by Deed dated June 24, 2015.   A copy of the Deed is attached and incorporated
          by reference as Exhibit C.

67.       Eric Holsapple and Wayne Lewis communicated from Colorado to Scott
          Lalumiere in Maine authorizing the purchase of 75 Queen Street on May 19,
          2015.

68.       MECAP LLC issued Mr. Douglas a lease from June 1, 2015 to June 30, 2015 on a
          purchase and sale agreement dated May 19, 2015 that provided him a contractual
          right to purchase the property for $275,000.00 for a payment of $2,500.00 within
          three business days and $30,000.00 before closing in earnest money with a
          closing date of June 30, 2016. Mr. Douglas paid Mr. Lalumiere 32,500.00 in
          earnest money as required.   See Exhibit A.

69.       Scott Lalumiere knew the promise to sell the 75 Queen Street property to Mr.
          Douglas for 275,000.00 with credit for the $32,500.00 earnest money was false
          when it was made in 2015.

70.       Scott Lalumiere transferred the 75 Queen Street property to LH Housing LLC on
          April 13, 2016. The Deed transferring the property is incorporated by Reference
          and attached as Exhibit C.

                                          14

71.     LH Housing LLC was formed between Eric Holsapple in Colorado and Scott

        Lalumiere in Maine by use of the mail on December 17, 2012.


72.     Scott Lalumiere encumbered 75 Queen Street with a mortgage from Machias

        Savings Bank in a Maximum Amount of $256,500.00 undisclosed amount by a

        mortgage dated April 13, 2016. The recorded Mortgage is attached and included

        by Reference as Exhibit D.


73.     Wayne Lewis told Mr. Douglas that he would have to pay $405,000.00 to

        purchase his property.


74.     Wayne Lewis would communicate by telephone from Colorado with the

        defendants in Maine. On June 8, 2020, Wayne Lewis communicated by wire to

        Russell Oaks telling him that Mr. Douglas would have to pay $405,000.00. A

        record of the communication is attached and included by reference as Exhibit E.


75.     Wayne Lewis would also made filings from Colorado to be recorded at the

        registry of deeds in Maine by wire. Wayne Lewis caused to be transmitted by

        wire a document titled Mortgage, Assignment of Leases and Rents and Security

        Agreement on December 4, 2019 at 12:53 PM from Colorado to Maine to be

        recorded by the Cumberland County registry of deeds. The recorded document is

15

attached and included by reference and Exhibit F.

76.        BLR Capital LLC. was formed by Eric Holsapple and Wayne Lewis using wire

transmission on October 3, 2019.   The Articles of Organization are attached and

included by reference as Exhibit G

77.        On January 9, 2019, Wayne Lewis contacted Mr. Douglas directly by text

message from Colorado while Mr. Douglas was here in Maine. A record of the

communication is attached and included by reference as Exhibit H.

## THE ALLEN AVENUE FRAUD SCHEME

78.        Steven Fowler signed over his property at 661 Allen Avenue in Portland Maine to

Birch point Storage LLC by Deed dated April 28, 2017.   The recorded Deed is

attached and included by reference as Exhibit I.

79.        Birch Point Storage LLC issued Mr. Fowler a Residential Lease Agreement dated

March 28, 2017 and Purchase and Sale Agreement as the option referenced in the

Lease for $219,000.00.   See Exhibit A.

80.        The Enterprise knew that promise to sell the 661 Allen Avenue property back to

Mr. Fowler for $219,000.00 was false when it was made in 2017.

16

81.     Androscoggin Savings Bank encumbered 661 Allen Avenue with a mortgage of approximately $397,000.00. A copy of the recorded Mortgage is attached and included by reference as Exhibit J.

82.     The United States Department of Housing and Urban Development (HUD) settlement statement for the 661 Allen Avenue transaction did not reflect the $397,000.00 mortgage. The HUD statement is incorporated by reference and attached as Exhibit K.

83.     Scott Lalumiere and Androscoggin Savings Bank knew the promise to sell 661 Allen Avenue was false when it was made.

84.     John Doe Number II knew that the transaction for 661 Allen Avenue was fraudulent.

85.     Androscoggin Savings Bank should have known that the leases in the 36 Settler Road property and 661 Allen Avenue were supervised loans by a creditor but remained willfully blind to the true nature and intent of the leases.

86.     Androscoggin Savings Bank concealed the details of the transaction for 661 Allen Avenue by bundling a series of other properties in the recorded mortgage.

17

87.     Androscoggin Savings Bank recorded an assignment of leases and rents for 661

Allen Avenue dated April 28, 2017. The Assignment of Leases is incorporated by

reference and attached as Exhibit L.

88.     On its own, the property at 661 Allen Avenue had a value near $600,000.00.

89.     In December of 2018, the Enterprise faltered when a dispute between Scott

Lalumiere and Wayne Lewis occurred.

90.     On December 20, 2018, a resolution of this dispute occurred during a telephone

call involving Eric Holsapple and Wayne Lewis in Colorado and Scott Lalumiere

in Portland Maine.   The resolution of this dispute involved the granting of a

mortgage to TTJR, LLC secured by 661 Allen Avenue as a means of securing the

proceeds would go to Eric Holsapple and Wayne Lewis. The recorded mortgage

is attached and included by reference as Exhibit M

91.     The proceeds from the fraud were used to purchase additional real estate for the

Enterprise and were made to appear legitimate through those other real estate

transactions.

92.     Sometime around December 14, 2018, Erin Papkee, who is an employee of Mr.

18

Lalumiere, discovered that money from the sale of 9 Brault Street, which should have gone to LH Housing LLC was deposited into an account for MECAP LLC.

93.      This dispute resulted in the succession of the Enterprise's use of the Sale Lease Back Fraud Scheme used in the Settler Road Fraud Scheme, Queen Street Fraud Scheme, and the Allen Avenue Fraud Scheme.

94.      The United States Mail was used to execute this fraud on at least three occasions:

   A.      Certificate of Formation for Skyline Real Estate Services Inc. mailed on November 3, 2004.

   B.      Certificate of Formation for LH Housing, LLC mailed on December 17, 2012.

   C.      Certificate of Formation for Birch Point Storage, LLC mailed on November 1, 2016.

   D.      Recorded Mortgage, Assignment of Leases and Rents and Security Agreement mailed on December 5, 2019.

95.      Eric Holsapple, Wayne Lewis, and Scott Lulumiere caused to be transmitted images and writings by wire for the purpose of executing their scheme with the following transmissions:

   A.      BLR Capital LLC, was formed by Eric Holsapple and Wayne Lewis in Colorado by causing to transmit Articles of Organization

19

on October 30, 2019.

B.      The Conversation on December 20, 2018 resolving the dispute

between Eric Holsapple, Wayne Lewis and Scott Lalumiere.

C.      The Conversation on June 8, 2020 between Eric Holsapple, Wayne

Lewis, and Russell Oakes on the purchase price for 75 Queen

Street.

D.      Recorded Deed for 36 Settler Road transmitted on August 23,

2018.

E.      Recorded assignment of Mortgage assigned by TTJR LLC and

accepted by LH Housing LLC December 4, 2019.   The Recorded

Assignment is attached and included by reference as Exhibit N.


## MONEY LAUNDERING SCHEME


96.      In March of 2019, the Enterprise began extracting all the proceeds from the real

estate that had been purchased at least in part with the proceeds from the frauds.


97.      In November of 2019, the Enterprise informed David Jones of the problem with

the "leases" and he agreed to market the properties for sale.


98.      By December of 2019, the Enterprise had informed Bangor Savings Bank and

Camden National Bank about the problem with the "leases."

99.       By the middle of December, Bangor Savings Bank, Camden National Bank and Androscoggin Savings Bank began foreclosing on the Enterprise's properties.

100.      The Enterprise made an agreement with Mr. Fowler involving three Maine properties: 33 Sanborn Lane in Limerick, 181 St. John Street in Portland, and 16 Old Ben Davis Road in Lyman.

101.      The Enterprise made an agreement with Mr. Fowler beginning in late April early May of 2016. The terms of this agreement were Mr. Lalumiere would pay Mr. Fowler a portion of his hourly rate and the cost of materials for work completed on a series of properties including 33 Sanborn Lane, 181 St. John Street, and 16 Old Ben Davis Road and in exchange Mr. Fowler would be allowed to purchase the three properties for the payoff amounts on the organization's bank held conventional mortgages secured by the three properties once the rehabilitation work was completed and he would be allowed control over the properties that included the authority to rent the properties and collect the proceeds from the rents on any sublease on those properties until he was able to complete his purchase. Mr. Fowler paid the rent to the Enterprise on these three properties from October 2016 until November 2019.

102.      The Enterprise made payments to Mr. Fowler between May 1, 2016 and August

10, 2016 for $30,000.00 for 33 Sanborn Lane and $12,000.00 for 16 Old Ben Davis Road.

103.        The acquisitions of these properties involved the proceeds of the fraud from 75 Queen Street. The Enterprise took $32,500.00 representing Mr. Douglas's earnest money and the $256,500.00 in funds received from Machias Savings Bank on April 13, 2016 secured by the mortgage on 75 Queen Street.

104.        Bangor Savings Bank provided the Enterprise funds on November 13, 2016 that was secured by a mortgage in the amount of 139,200.00 by 33 Sanborn Lane in Limerick.

105.        Androscoggin Savings Bank provided the Enterprise funds October 13, 2016 in the amount of $1,090,000.00 that was secured in part by 16 Old Ben Davis Road.

106.        The Enterprise began a money laundering phase by selling off the properties acquired with proceeds of the fraud through Coastal Realty Capital, LLC, Milk Street Capital LLC, Maine Capital Group LLC, MECAP LLC, Birch Point Storage LLC, LH Housing LLC, TTJR LLC, and BLR Capital LLC.

107.        Acting on behalf of the Enterprise, David Jones has been representing the Enterprise as it extracts the proceeds from the fraud and makes the money appear

legitimate through transactions that sell the properties to buyers.

108.     David Jones is the owner of F.O Bailey Real Estate LLC, which provides the

          Enterprise the appearance of legitimacy.

109.     Camden National Bank used a non-judicial foreclosure to auction off the 181 St.

          John Street Property on January 31, 2020.

110.     Androscoggin Savings Bank used a non-judicial foreclosure to schedule an action

          for September 17, 2020.

111.     Androscoggin Savings bank used a non-judicial foreclosure action to auction of

          16 Old Ben Davis Road on June 17, 2020.

## BEACH STREET FRAUD SCHEME

112.     James Lewis was directed to Milk Street Capital to finance the payoff of a

          mortgage that was in default on the home that had belonged to his mother before

          she passed away.

113.     In the weeks prior to December 2010, Milk Street Capital through Mike Lynden

          made promises to Mr. Lewis that the organization would pay off the mortgage and

loan him money to make improvements in exchange for him placing 57 Beach Street in South Portland Maine into a corporation to hold title but that he could continue to live there so long as he paid the mortgage.

114.     On December 12, 2010, James Lewis and his brother executed a transfer of the home located at 57 Beach Street to Lewis Plumbing and Heating, LLC.

115.     Coastal Reality Capital LLC refused to honor its promises to loan additional money to Mr. Lewis for the necessary home improvements and never intended to loan Mr. Lewis money for home improvements.

116.     On September 19, 2014, Mike Lynden arranged for Coastal Reality Capital LLC. to loan Mr. Lewis money in the principle amount $125,000.00.

117.     Coastal Reality Capital LLC foreclosed on 57 Beach Street.

118.     Andre Bellucci, claiming that he could prevent Coastal Reality Capital LLC from extending more time to resolve the matter, reneged on his offer to pay the value of the home at 57 Beach Street and indicated that he would only pay the outstanding balance on the note.

**THE EVICTIONS**

24

119.     Mr. Fowler was given control of 33 Sanborn Lane where he rented out the house portion and used the garage portion for his business.

120.     Bangor Savings Bank, Androscoggin Savings Bank, Machias Savings Bank and Camden National Bank all had a special relationships with Scott Lalumiere through the representatives Robert Burgess, John Doe Number II, John Doe Number III, John Doe Number IV that allowed the banks to lend money to the corporate entities without personal guarantees and without regard to debt to income ratios of the specific corporate entity holding title. The respective bank policies and exceptions to that specific customary policies resulted in Bangor Saving Bank, Androscoggin Savings Bank, Machias Savings Bank or Camden National Bank being able to direct the organization and to manage who was responsible for making the payouts secured by the mortgages and who realized the distressed asset at the end of the process.

121.     On Thursday March 19, 2020, David Jones and an associate of David Jones removed property belonging to Mr. Fowler and denied Mr. Fowler access to the property at 33 Sanborn Lane in Limerick.

122.     Even though Mr. Fowler was not the title owner, he was in control of the property at 33 Sanborn Lane as a tenant at will.

123.	On March 19, 2020, David Jones claimed to be acting under the authority of Bangor Savings Bank with respect to 33 Sanborn Lane, which was in fact verified by Robert Burgess although Mr. Burgess denied that the bank had given Mr. Jones the broad authority that Mr. Jones claimed.

## COUNT I

## VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT 18 U.S.C § 1962(d) Closed Pattern Association in Fact Enterprise

### (Against Eric Holsapple, Wayne Lewis, and Scott Lalumiere)

124.	Plaintiffs repeats and realleges paragraph 1 through 123.

125.	Eric Holsapple is the leader of the Enterprise that uses a pattern of racketeering activity to conduct its affairs.

126.	In Relevant Part 18 U.S.C. § 1962(a) states "[i]t shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the

26

establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."

127.     From at least April 27, 2012 until April 28, 2017, Eric Holsapple, Wayne Lewis, and Scott Lalumiere who are all persons for purposes of 18 U.S.C. § 1961 through an association in fact enterprise comprised of Skyline Realty Services Inc., Birch Point Storage LLC, LH Housing LLC, and MECAP LLC conspired to use a pattern of mail and wire fraud to take control of the property belonging to Christina Davis, Joel Douglas, Steven Fowler, and Matthew Crosby in violation of 18 U.S.C. § 1962(d).

128.     The association-in-fact Enterprise is evidenced by the organizational structure and discrete tasks through which the defendants accomplish the goals of the Enterprise, in that vulnerable victims were recruited, control over their property achieved, conventional lenders lent money secured by the controlled property, private lenders were then given the remaining equity. The Enterprise then sold or foreclosed on the distressed property for value returning the funds used by the Enterprise.   The Sale Lease Back Scheme allowed the defendants to take control and realize the equity in the property that they otherwise would not be entitled to while increasing their transactional profits with fees and interest on the funds provided to the Enterprise but paid by the victims.

27

129.    There is a closed pattern of racketeering activity over a fivew year period of time because defendants have engaged in racketeering activity through at least two predicate acts of mail and wire fraud, 18 U.S.C. §§ 1341, 1343 from 2012 until 2017 with the Settler Road Scheme, the Queen Street Scheme, and the Allen Avenue Scheme.

130.    The Sale Lease Back Schemes relied on communications through the mails, telephone, email, and texts and it was foreseeable that the use of those modes of communication were both necessary and likely to be used to accomplish the fraud.

131.    The Enterprise fraudulently induced the plaintiffs to transfer their money or property to the enterprise by telling them they could later buy the respective properties at the amount in the purchase and sale contracts for the respective property or pay off the mortgage which was false and the defendants knew it was false when that promise was made.

132.    Steven Fowler relied on Scott Lalumiere false statements that he would be able to regain title to his property for $219,000.00 even though the defendants knew on the day of the transaction that the property would be securing a $400,000.00 obligation that was part of an approximately $800,000.00 loan.

28

133.     Joel Douglas relied on Scott Lalumiere false statements that he would be able to purchase 75 Queen Street for $275,000.00 even though the defendants knew that they were never going to sell the property to Mr. Douglas and simply kept his 32,500.00 in earnest money.

134.     Christina Davis relied on Scott Lalumiere fraudulent statements that she would be able to purchase 36 Settler Road for $140,000.00.

135.     The enterprise accomplished its purpose through a pattern of Racketeering Activity because the transaction involving 36 Settler Road qualifies and wire fraud or mail fraud, 661 Allen Avenue qualifies as wire fraud or mail fraud, and the transaction involving 75 Queen Street qualifies as wire fraud or mail fraud qualifying both in terms of the number by the four times it was known to be executed and qualified in terms of duration because the pattern was executed over at least 5 years.

136.     The Sale Lease Back Schemes used in the pattern were both related and continuous in terms of the people involved, the Sale Leas Back Fraud Scheme, and the goals achieved as part of the Enterprises regularly conducted business.

137.     The Enterprise's activities affect and involved interstate commerce by the at least four caused to be mailed known contacts with the United States mails creating the

entities that would comprise the Enterprise, and the at least four caused to be transmissions by wire necessary to execute the scheme creating entities that are a part of the enterprise, filings with the registry of deeds and communications directly between the defendants and plaintiffs between Colorado and Maine.

138.        The enterprise has caused Mr. Fowler and Mr. Douglas to lose more than $1,000,000.00 in equity in their homes.

.

WHEREFORE, Plaintiffs, Mr. Fowler and Mr. Douglas requests that this Honorable Court (1) enter judgment in favor of the plaintiff in an amount that fully and completely compensates them for the injuries they have sustained, (2) award them treble damages, attorney's fees and costs pursuant to 18 U.S.C. § 1961, and (3) award such other and further relief as this Honorable Court deems just and proper.

## COUNT II

## VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT

## ORGANIZATION ACT 18 U.S.C § 1962(d) Closed Pattern Association in Fact Enterprise.

## (Against Eric Holsapple, Wayne Lewis, Scott Lalumiere, John Doe Number II,

## Androscoggin Savings Bank)

139.        Plaintiffs repeats and realleges paragraph 1 through 138.

140.        Eric Holsapple is the leader of the Enterprise that uses a pattern of corrupt and

30

racketeering activity to conduct its affairs.

141.    In relevant part 18 U.S.C. § 1962(a) states "[i]t shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."

142.    From at least April 27, 2012 until April 28, 2017, Eric Holsapple, Wayne Lewis, Scott Lalumiere, John Doe Number II, and Androscoggin Savings Bank who are all persons for purposes of 18 U.S.C. § 1961 through an association in fact enterprise comprised of Skyline Realty Services Inc., Birch Point Storage LLC, LH Housing LLC, and MECAP LLC conspired to use a pattern of mail and wire fraud to take control of the property belonging to Christina Davis, Joel Douglas, and Steven Fowler in violation of 18 U.S.C. § 1962(d).

143.    The association-in-fact Enterprise is evidenced by the organizational structure and discrete tasks through which the Enterprise Defendants accomplished the goals of the Enterprise, in that vulnerable victims were recruited, control over their

31

property achieved, conventional lenders lent money secured by the controlled

property, private lenders were then given the remaining equity. The Enterprise

then sold or foreclosed on the distressed property for value returning the funds

used by the Enterprise.   The Sale Lease Back Schemes allowed the Defendants to

take control and realize the equity in the property that they otherwise would not

be entitled to while increasing their transactional profits with fees and interest on

the funds provided to the Enterprise but paid by the victims.

144.     In relevant part 18 U.S.C § 2 provides "[w]hoever commits an offense against the

United States or aids, abets, counsels, commands, induces or procures its

commission, is punishable as a principal [and] [w]hoever willfully causes an act

to be done which if directly performed by him or another would be an offense

against the United States, is punishable as a principal."

145.     Androscoggin Savings Bank is a principle within the meaning 18 U.S.C. § 2

having participated in at least two predicate acts of mail or wire fraud and knew

both about the false statements that Ms. Davis and Mr. Fowler would be able to

buy their property back $140,000.00 and $219,000.00 respectively and that these

false statements were part of a much larger Enterprise involving at least 12 other

properties that were collateral for at least two other disbursements from

Androscoggin Savings Bank that totaled $1,655,179.17 in principle amount and

grew in appraised value over the scheme to $2,462,000.00 as collateralized

32

property. The Androscoggin Savings Bank spread Sheet is attached and included by reference as Exhibit O.

146.     There is a closed pattern of racketeering activity over a 5 year period of time because Eric Holsapple, Wayne Lewis, Scott Lalumiere, John Doe Number II, and Androscoggin Savings Bank have engaged in racketeering activity through at least two predicate acts of mail and wire fraud, 18 U.S.C. §§ 1341, 1343 from 2012 until 2017 with the Settle Road Scheme, the Queen Street Scheme, and the Allen Avenue Scheme.

147.     The Sale Lease Back Schemes relied on communications through the mails, telephone, email, and texts and it was foreseeable that the use of those modes of communication were both necessary and likely to be used to accomplish the fraud.

148.     The organization fraudulently induced the plaintiffs to transfer their money or property to the Enterprise by telling them they could later buy the respective properties at the amount in the purchase and sale contracts for the respective property or pay off the mortgage which was false and the defendants knew it was false when that promise was made.

149.     Steven Fowler relied on Scott Lalumiere's false statements that he would be able to regain title to his property for $219,000.00 even though the defendants knew on the day of the transaction that the property would be securing a $400,000.00 obligation that was part of an approximately $800,000.00 loan.

150.     Christina Davis relied on Scott Lalumiere's false statements that she would be able to purchase 36 Settler Road for $140,000.00.

151.     The Enterprise accomplished its purpose through a pattern of Racketeering Activity because the transaction involving 36 Settler Road qualifies and wire fraud or mail fraud, 661 Allen Avenue qualifies as wire fraud or mail fraud, and the transaction involving 75 Queen Street qualifies as wire fraud or mail fraud qualifying both in number by the four times it was known to be executed and as qualified by duration in that the pattern went on for at least 5 years.

152.     The Sale Lease Back Schemes used in the pattern were both related and continuous in terms of the people involved, the Sale Leas Back Fraud Scheme, and the goals achieved as part of the Enterprises regularly conducted business.

153.     The Enterprise's activities affect and involve interstate commerce by the at least four caused to be mailed known contacts with the United States mails creating the entities that would comprise the Enterprise, and the at least four caused to be

transmissions by wire necessary to execute the scheme creating entities that are a part of the enterprise, filings with the registry of deeds and communications directly between the defendants and plaintiffs between Colorado and Maine.

154.        The enterprise has caused Mr. fowler to lose more than $400,000.00 in equity in this home.

.

WHEREFORE, Plaintiff, Mr. Fowler, requests that this Honorable Court (1) enter judgment in favor of the plaintiff in an amount that fully and completely compensates them for the injuries they have sustained, (2) award them treble damages, attorney's fees and costs pursuant to 18 U.S.C. § 1961, and (3) award such other and further relief as this Honorable Court deems just and proper.

## COUNT III

## VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT 18 U.S.C § 1962(d) Closed Pattern Association in Fact Enterprise. (Against Eric Holsapple, Wayne Lewis, Scott Lalumiere, John Doe Number IV, Machias Savings Bank)

155.        Plaintiffs repeats and reallege paragraph 1 through 154.

156.        Eric Holsapple is the leader of the Enterprise that uses a pattern of corrupt and racketeering activity to conduct its affairs.

157.     In Relevant part 18 U.S.C. § 1962(a) states "[i]t shall be unlawful for any person

who has received any income derived, directly or indirectly, from a pattern of

racketeering activity or through collection of an unlawful debt in which such

person has participated as a principal within the meaning of section 2, title 18,

United States Code, to use or invest, directly or indirectly, any part of such

income, or the proceeds of such income, in acquisition of any interest in, or the

establishment or operation of, any enterprise which is engaged in, or the activities

of which affect, interstate or foreign commerce."

158.     From at least April 27, 2012 until April 28, 2017, Eric Holsapple, Wayne Lewis,

Scott Lalumiere, John Doe Number IV, and Machias Savings Bank who are all

persons for purposes of 18 U.S.C. § 1961 through an association in fact enterprise

comprised of Skyline Realty Services Inc., Birch Point Storage LLC, LH Housing

LLC, and MECAP LLC conspired to use a pattern of mail and wire fraud to take

control of the property belonging to Christina Davis, Steve Douglas and Steven

Fowler in violation of 1`8 U.S.C. §1962(d).

159.     The association-in-fact enterprise is evidenced by the organizational structure and

discrete tasks through which the defendants accomplish the goals of the

Enterprise, in that vulnerable victims were recruited, control over their property

achieved, conventional lenders lent money secured by the controlled property,

private lenders were then given the remaining equity. The Enterprise then sold or

foreclosed on the distressed property for value returning the funds used by the Enterprise.   The Sale Lease Back Schemes allowed the Defendants to take control and realize the equity in the property that they otherwise would not be entitled to while increasing their transactional profits with fees and interest on the funds provided to the Enterprise but paid by the victims.

160.     In relevant part 18 U.S.C § 2 provides "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal [and] [w]hoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

161.     Machias Savings Bank is a principle within the meaning 18 U.S.C. § 2 having participated in at least two predicate acts of mail or wire fraud and knew both about the false statements that Ms. Davis, Mr. Fowler, Mr. Douglas would be able to buy their property back $140,000.00, $219,000.00, and $275,000.00 respectively.

162.     There is a closed pattern of racketeering activity over a 5 year period of time because Defendants have engaged in racketeering activity through at least two predicate acts of mail and wire fraud, 18 U.S.C. §§ 1341, 1343 from 2012 until 2017 with the Settler Road Scheme, the Queen Street Scheme, and the Allen

37

Avenue Scheme.

163.      The Sale Lease Back Schemes relied on communications through the mails, telephone, email, and texts and it was foreseeable that the use of those modes of communication were both necessary and likely to be used to accomplish the fraud.

164.      The organization fraudulently induced the plaintiffs to transfer their money or property to the Enterprise by telling them they could later buy the respective properties at the amount in the purchase and sale contracts for the respective property or pay off the mortgage which was false and the defendants knew it was false when that promise was made.

165.      Joel Douglas relied on Scott Lalumiere's false statements that he would be able to regain title to his property for $275,000.00, the property was sold to LH Housing LLC before the closing date in the purchase and sale agreement with MECAP LLC expired and the bank would have had to see the terms of the lease that were written on the purchase and sale agreement between MECAP LLC and Joel Douglas.

166.      Christina Davis relied on Scott Lalumiere's false statements that she would be able to purchase 36 Settler Road for $140,000.00.

167.     The Enterprise accomplished its purpose through a pattern of Racketeering
         Activity because the transaction involving 36 Settler Road qualifies and wire
         fraud or mail fraud, 661 Allen Avenue qualifies as wire fraud or mail fraud, and
         the transaction involving 75 Queen Street qualifies as wire fraud or mail fraud
         qualifying both in number by the four times it was known to be executed and as
         qualified by duration in that the pattern went on for at least 5 years.

168.     The Sale Lease Back Schemes used in the pattern were both related and
         continuous in terms of the people involved, the Sale Leas Back Fraud Scheme,
         and the goals achieved as part of the Enterprises regularly conducted business.

169.     The Enterprise's activities affect and involved interstate commerce by the at least
         four caused to be mailed known contacts with the United States mails creating the
         entities that would comprise the enterprise, and the at least four caused to be
         transmissions by wire necessary to execute the scheme creating entities that are a
         part of the enterprise, filings with the registry of deeds and communications
         directly between the defendants and plaintiffs between Colorado and Maine.

170.     The Enterprise has caused the plaintiffs to lose more than $400,000.00 in equity
         in their homes.

.

WHEREFORE, Plaintiff, Mr. Douglas, requests that this Honorable Court (1) enter judgment in favor of the plaintiff in an amount that fully and completely compensates them for the injuries they have sustained, (2) award them treble damages, attorney's fees and costs pursuant to 18 U.S.C. § 1961, and (3) award such other and further relief as this Honorable Court deems just and proper

**COUNT IV**

**VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT 18 U.S.C § 1962(d) open or closed pattern association in fact Enterprise.**

**(against Eric Holsapple, Wayne Lewis,**

**Scott Lalumiere, John Doe Number II, Androscoggin Savings Bank, Robert Burgess, Bangor Savings Bank, John Doe Number III, Camden National Bank, John Doe Number IV, Machias Savings Bank, David Jones, David Hirshon, Russell Oaks, David Clark, Shawn Lynden, Michael Lynden, and Andre Bellucci)**

171.         Plaintiffs repeats and reallege paragraph 1 through 170.

172.         Eric Holsapple is the leader of an enterprise that uses a pattern of racketeering activity to conduct its affairs.

173.  In Relevant Part 18 U.S.C. § 1962(a) states "It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."

174.  There was a structure to the Enterprise in that each individual and entity played a role in achieving the goals of the Enterprise: Eric Holsapple was the money man providing the initial funds to gain control of the victims property, Wayne Lewis was go between who communicated Mr. Holsapple's directions, and Scott Lalumiere recruited victims and secured control of the property, MECAP, LH Housing, Birch Point Storage were the property holding entities that make up part of the association in fact enterprise, Robert Burgess John Doe II, John Doe Number III and John Doe Number IV would approve the properties for loans, Androscoggin Savings Bank, Bangor Savings Bank, Camden National Bank, and Machias Savings Bank secured the money so it could reclaim the funds provided, through LH Housing, Birch Point Storage, and MECAP, David Jones and F.O. Bailey Realty LLC market the properties for sale and BLR Capital LLC, TTJR LLC, LOSU LLC, David Hirshon, Maine Capital Group, Coastal Reality Capital

41

LLC, Michael Lynden, Shawn Lynden, Andre Bellucci and David Clarke realized the proceeds through the other part of the association in fact enterprise LOSU LLC, Coastal Reality Capital LLC, TTJR LLC, LH Housing LLC, and BLR Capital LLC all of which conspired in violation of 18 U.S.C. § 1962(d).

175.    Defendants Eric Holsapple, Wayne Lewis, Scott Lalumiere, John Doe Number II, Androscoggin Savings Bank, Robert Burgess, Bangor Savings Bank, John Doe Number III, Camden National Bank, John Doe Number IV, Machias Savings Bank, David Jones, David Hirshon, Russell Oaks, David Clark, Shawn Lynden, Michael Lynden, and Andre Bellucci all qualify as persons under 18 U.S.C. § 1961.

176.    The association-in-fact Enterprise is evidenced by the organizational structure and discrete tasks through which the defendants accomplished the goals of the Enterprise, in that the defendants worked together to conceal the nature and owner of the proceeds by engaging in financial transactions for the Enterprise properties that were then sold or foreclosed on as distressed assets for value returning funds to the participants in the Enterprise appearing as legitimate proceeds from the sale of real estate.   The Money Laundering Scheme allowed the Defendants to take control and realize the equity in the property that they otherwise would not be entitled to while increasing their transactional profits with fees and interest on the funds provided to the Enterprise but paid by the victims.

42

177.     From at least April 27, 2012 until April 28, 2017, Eric Holsapple, Wayne Lewis, and Scott Lalumiere, John Doe Number II, Androscoggin Savings Bank, John Doe Number IV and Machias Savings Bank through LH Housing, MECAP and BLR Capital LLC used a pattern of mail and wire fraud to take control of the property belonging to Christina Davis, Steven Fowler, Matthew Crosby and Joel Davis.

178.     Eric Holsapple, Wayne Lewis, Scott Lalumiere, David Hirshon, John Doe Number II, John Doe Number IV, MECAP LLC, Birch Point Storage LLC, LH Housing, LOSU LLC, TTJR LLC, and BLR Capital, Androscoggin Savings Bank, and Machias Savings Bank knew about the fraud committed by the Enterprise because of their participation in the transactions for 661 Allen Avenue and 75 Queen Street.

179.     The Enterprise informed Bangor Savings Bank, Robert Burgess Camden National Bank, John Doe Number III, David Jones, F.O. Bailey Realty LLC, Michael Lynden, Russell Oaks, Shawn Lynden, Maine Capital Group, Maine Coastal Realty LLC, Andre Bellucci, and David Clarke were informed of the fraudulent conduct in late November 2019.

180.     The Enterprise purchased the property at 33 Sanborn Lane, 181 St. John Street,

and 16 Old Ben Davis Road were paid for with the proceeds from the fraud in the transaction for 75 Queen Street and generally comingled the proceeds throughout the Enterprise.

181.     The foreclosures of the property located 181 St. John Street and 16 Old Ben Davis Road were a financial transaction engaged in for the purpose of concealing or disguising the nature of proceeds used to buy the properties or the true owner of the properties knowing that the properties had been purchased with proceeds from the fraud at 75 Queen Street and represent the factual basis for a pattern of racketeering activity by the Enterprise in violation of 18 U.S.C. § 1956.

182.     The goal of the association in fact enterprise is to conceal the nature of the fraudulent transactions that enabled the purchase of the property and to extract the proceeds from that activity while making it appear as though the proceeds were the product of a failed real estate transaction.

183.     There is a pattern of racketeering activity over a three year period of time because Defendants have engaged in racketeering activity through at least two predicate acts of mail and wire fraud, 18 U.S.C. § 1956 with the 181 St John Street, 16 Old Ben Davis Road, and 33 Sanborn Lane from 2017 until 2020.

184.     The facts justify either a closed or open pattern of racketing activity.

44

185.     The transactions for 75 Queen Street, 661 Allen Avenue, 33 Sanborn Lane have
         yet to be completed.

186.     The association in fact money laundering enterprise is a hub and spoke conspiracy
         with the unifying wheel around the hub and spoke being the desire to conceal the
         underlying fraud and recover the funds provided to the Enterprise.

187.     Despite the obligation to report or otherwise not participate in the money
         laundering scheme of the proceeds, none of the defendants reported the fraud nor
         refused to participate in the transactions to sell the remaining Enterprise
         properties despite their knowledge of the underlying fraud.

188.     The Enterprise plans to continue this pattern of racketeering activity until the
         remaining property completes the money laundering scheme.   33 Sanborn Lane,
         661 Allen Avenue, and 75 Queen Street evidence the continuing nature of the
         pattern of racketeering activity.

189.     The Enterprise's activities affect and involved interstate commerce by the at least
         four caused to be mailed known contacts with the United States mails creating the
         entities that would comprise the enterprise, and the at least four caused to be
         transmissions by wire necessary to execute the scheme creating entities that are a

part of the Enterprise, filings with the registry of deeds and communications directly between the defendants and plaintiffs between Colorado and Maine.

190.     The Defendants money laundering has cost the plaintiffs more than $1,000,000.00

WHEREFORE, Plaintiffs, Mr. Douglas, Mr. Fowler, and Mr. Lewis requests that this Honorable Court (1) enter judgment in favor of the plaintiff in an amount that fully and completely compensates them for the injuries they have sustained, (2) award them treble damages, attorney's fees and costs pursuant to 18 U.S.C. § 1961, and (3) award such other and further relief as this Honorable Court deems just and proper

## COUNT V

**Violation of The Truth in Lending Act 15 U.S.C. § 1601 and the Maine Consumer Credit Code 9-A M.R.S. § 8-505 and 9-A M.R.S. 9-401.**

**(against Eric Holsapple, Wayne Lewis, Scott Lalumiere, Androscoggin Savings Bank, Machias Savings Bank, TTJR LLC, BLR.Capital LLC, Birch Point Storage LLC, MECAP LLC, LH Housing LLC)**

191.     Plaintiffs Steven Fowler and Joel Douglas repeat and re-allege Paragraphs 1 through 190.

192.     Eric Holsapple, Wayne Lewis, Scott Lalumiere, Androscoggin Savings Bank, Machias Savings Bank, TTJR LLC, BLR Capital LLC, Birch Point Storage LLC,

46

MECAP LLC, LH Housing LLC were creditors engage in consumer credit transactions involving 661 Allen Avenue and 75 Queen Street.

193.    The consumer credit transactions involved in 661 Allen Avenue and 75 Queen Street were induced by knowing misrepresentations of Eric Holsapple, Wayne Lewis, Scott Lalumiere, Androscoggin Savings Bank, Machias Savings Bank, TTJR LLC, BLR Capital LLC, Birch Point Storage LLC, MECAP LLC, LH Housing LLC in violation of 9 M.R.S. § 9-401.

194.    The residential mortgage loans resulted in supervised loans that were induced by misrepresentation that they would be able to retain their property by paying the amount in the purchase and sale agreements associated with their leases that were in reality credit sale agreements in violation of 9-A M.R.S. § 9-401.

195.    The residential mortgage loans qualify as higher-priced mortgage loans and were subject to the special restrictions of 9-A M.R.S.§ 8-506.

196.    The misrepresentations that induced Mr. Fowler and Mr. Douglas to enter into the supervised loans is an unfair and deceptive trade practice under 9-A M.R.S. § 9-408.

197.    The misrepresentations were made to Mr. Fowler and Mr. Douglas inducing them

47

to agree to supervised loans was made with actual malice.

WHEREFORE, Plaintiffs, Mr. Fowler and Mr. Douglas requests that this Honorable Court (1) enter judgment in favor of the plaintiff in an amount that fully and completely compensates them for the injuries they have sustained, (2) recission of the mortgages on 661 Allen Avenue and 75 Queen Street, (3) Punitive damages, (4) attorney's fees and costs, and (5) injunctive relief, preventing eviction and foreclosure (6) and award such other and further relief as this Honorable Court deems just and proper.

## COUNT VI

## FRAUD

**(against Coastal Realty Capital, LLC, Milk Street Capital LLC. Maine Capital Group LLC., MECAP LLC., Birch Point Storage LLC, LH Housing LLC., TTJR, LLC., BLR Capital LLC., F.O. Bailey Real Estate LLC., Androscoggin Savings, Mike Lynden, Shawn Lynden. Russell Oakes, Andre Bellucci, Scott Lalumiere, Wayne Lewis, Eric Holsapple)**

198.     Plaintiffs James Lewis, Steven Fowler, and Joel Douglas repeat and re-allege Paragraphs 1 through 197.

199.     Defendants Coastal Realty Capital, LLC, Milk Street Capital LLC. Maine Capital Group LLC., MECAP LLC., Birch Point Storage LLC, LH Housing LLC., TTJR, LLC., BLR Capital LLC., F.O. Bailey Real Estate LLC., Androscoggin Savings,

Mike Lynden, Shawn Lynden. Russell Oakes, Andre Bellucci, Scott Lalumiere, Wayne Lewis, Eric Holsapple with foreknowledge of the falsity of their statements and representations knowingly misstated and misrepresented that the properties at 57 Beach street, 661 Allen Avenue, and 75 Queen Street would ever have title returned to their owners.

200.     Defendant's fraudulent statements and misrepresentations were made with the intention that Plaintiffs would rely upon them to their detriment.

201.     The Defendant's fraud has cost the plaintiffs more than $2,750,000.00 in damages.

202.     The fraudulent statements were made with actual malice.

WHEREFORE, Plaintiffs, Mr. Lewis, Mr. Fowler, and Mr. Douglas requests that this Honorable Court (1) enter judgment in favor of the plaintiff in an amount that fully and completely compensates them for the injuries they have sustained, (2) punitive damages (3) and award such other and further relief as this Honorable Court deems just and proper.

## COUNT VII

## BREACH OF CONTRACT

49

**(against Mike Lynden, Milk Street Capital, Coastal Realty Capital, and Maine Capital Group)**

203.        Plaintiff James Lewis repeats and realleges paragraph 1 through 202.

204.        Mike Lynden made an oral contract with Mr. Lewis to supply additional money to make necessary repairs to the aforementioned property at 57 Beach Street.

205.        Mike Lynden, Milk Street Capital, Coastal Realty Capital, and Maine Capital Group failed to honor their contract.

206.        The failure to honor the contract and subsequent refusal to lend additional sums of money for necessary repairs resulted in damages of approximately $224,000.00.

WHEREFORE, Plaintiff, Mr. Lewis requests that this Honorable Court (1) enter judgment in favor of the plaintiff in an amount that fully and completely compensates them for the injuries they have sustained, (2) and award such other and further relief as this Honorable Court deems just and proper.

**COUNT VIII**

**BREACH OF CONTRACT**

**(against Scott Lalumiere, Milk Street Capital LLC, MECAP LLC, Birch Point Storage**

**LLC, Androscoggin Savings Bank, TTJR LLC, LH Housing LLC, Wayne Lewis,**

**Eric Holsapple, and John Doe Number II)**

207.        Plaintiff Steven Fowler repeats and realleges paragraph 1 through 206.


208.        Scott Lalumiere, Milk Street Capital LLC, MECAP LLC, Birch Point Storage,

LLC, Androscoggin Savings Bank LLC, TTJR LLC, LH Housing LLC, Wayne

Lewis, and Eric Holsapple, John Doe Number II had a contract with Mr. Fowler

for the purchase of the home at 661 Allen Avenue for the amount of $219,000.00.


209.        Scott Lalumiere, Milk Street Capital LLC, MECAP LLC, Birch Point Storage

LLC, Androscoggin Savings Bank, TTJR LLC, LH Housing LLC, Wayne Lewis,

Eric Holsapple, and John Doe Number II failed to honor that contract for the sale

661 Allen Avenue and will not return title for $219,000.00.


210.        The failure to honor the contract has resulted in the loss of approximately

$400,000.00 to Mr. Fowler.


WHEREFORE, Plaintiff, Mr. Fowler requests that this Honorable Court (1) enter judgment in

favor of the plaintiff in an amount that fully and completely compensates them for the injuries

they have sustained, (2) injunctive relief (3) and award such other and further relief as this

Honorable Court deems just and proper.

51

## COUNT IX

## BREACH OF CONTRACT

## (against Scott Lalumiere, Milk Street Capital LLC, MECAP LLC, Birch Point Storage LLC, TTJR LLC, LH Housing LLC, Machias Savings Bank, Wayne Lewis, Eric Holsapple, BLR Capital LLC and John Doe Number IV)

211.    Plaintiff Joel Douglas repeats and realleges paragraph 1 through 210.

212.    Scott Lalumiere, Milk Street Capital LLC, MECAP LLC, Birch Point Storage LLC, TTJR LLC, LH Housing LLC, Machias Savings Bank, Wayne Lewis, Eric Holsapple, BLR Capital LLC and John Doe Number IV had a contract with Mr. Douglas for the purchase of the home at 75 Queen Street for the amount $275,000.00.

213.    Scott Lalumiere, Milk Street Capital LLC, MECAP LLC, TTJR LLC, LH Housing LLC, Wayne Lewis, Eric Holsapple, Machias Savings Bank, BLR Capital LLC and John Doe Number IV failed to honor that contract for the sale of 75 Queen Street and will not return title for $245,000.00.

214.    The failure to honor the contract has resulted in the loss of approximately $300,000.00 to Mr. Douglas.

WHEREFORE, Plaintiff, Mr. Douglas requests that this Honorable Court (1) enter judgment in

favor of the plaintiff in an amount that fully and completely compensates them for the injuries they have sustained, (2) injunctive relief, (3) and award such other and further relief as this Honorable Court deems just and proper.

## COUNT X

## BREACH OF CONTRACT

**(against Scott Lalumiere, Milk Street Capital LLC, MECAP LLC, Birch Point Storage LLC, Androscoggin Savings Bank, Bangor Savings Bank, Camden National Bank TTJR LLC, LH Housing LLC, Wayne Lewis, and Eric Holsapple, John Doe Number II, John Doe Number III, Robert Burgess)**

215.        Plaintiff Steven Fowler repeats and realleges paragraph 1 through 214.

216.        Scott Lalumiere, Milk Street Capital LLC, MECAP LLC, Birch Point Storage LLC, Androscoggin Savings Bank, Bangor Savings Bank, Camden National Bank TTJR LLC, LH Housing LLC, Wayne Lewis, and Eric Holsapple, John Doe Number II, John Doe Number III, Robert Burgess had a contract with Mr. Fowler for the purchase of the home at 33 Sanborn Street, 181 St. John Street, and 116 Old Ben Davis Road in the amount of the mortgages by Bangor Savings Androscoggin Savings Bank and Camden National Bank.

217.        Scott Lalumiere, Milk Street Capital LLC, MECAP LLC, Birch Point Storage

LLC, Androscoggin Savings Bank, Bangor Savings Bank, Camden National Bank
TTJR LLC, LH Housing LLC, Wayne Lewis, Eric Holsapple, John Doe Number
II, John Doe Number III, and Robert Burgess will not cause title to be turned over
to Mr. Fowler.

218.        The failure to honor the contract has resulted in the loss of approximately
$300,000.00 to Mr. Fowler.

WHEREFORE, Plaintiff, Mr. Fowler requests that this Honorable Court (1) enter judgment in
favor of the plaintiff in an amount that fully and completely compensates them for the injuries
they have sustained, (2) and award such other and further relief as this Honorable Court deems
just and proper.

## COUNT XI

## TRESPASS

### (against David Jones)

219.        Mr. Fowler repeats and re-alleges paragraphs 1 through 218.

220.        Mr. Fowler had lawful possession of the aforementioned home at 33 Sanborn
Lane.

221.        Mr. Jones had no right of entry.

222.      Mr. Jones's entry into the home and removal of Mr. Fowler's personal property

caused the destruction of Mr. Fowler's personal property.

223.      Mr. Fowler is entitled to recovery in the amount equal to the value of the

destroyed property.

WHEREFORE, Plaintiff, Mr. Fowler requests that this Honorable Court (1) enter judgment in

favor of the plaintiff in an amount that fully and completely compensates them for the injuries

they have sustained, (2) and award such other and further relief as this Honorable Court deems

just and proper

## COUNT XII

### ILLEGAL EVICTION

**(against David Jones, F.O. Bailey Real Estate LLC, Bangor Savings, Robert Burgess)**

224.      Mr. Fowler repeats and re-alleges paragraphs 1 through 223.

225.      14 M.R.S.A.§ 6014 states in relevant part "[e]xcept as permitted by Title 15,

chapter 517 or Title 17, chapter 91, evictions that are effected without resort to the

provisions of this chapter are illegal and against public policy."

226.      14 M.R.S.A.§ 6014 specifically prohibits the denial of access by any landlord

except to make actual repairs for the period of time the repairs are in process or in an emergency.

227.        There were no emergencies or repairs being made to 33 Sanborn Lane during any access attempts by Mr. Fowler.

228.        There was no emergency that required the removal of Mr. Fowler's property.

229.        Mr. Fowler was a tenant at will and not given notice of termination which had been served on Mr. Fowler.

230.        David Jones did deny Mr. Fowler access to his premises and property.

WHEREFORE, Plaintiff, Mr. Fowler requests that this Honorable Court (1) enter judgment in favor of the plaintiff in an amount that fully and completely compensates them for the injuries they have sustained, (2) and award such other and further relief as this Honorable Court deems just and proper

## COUNT XIII

## UNFAIR AND DECPETIVE TRADE PRACTICE

**(Scott Lalumiere, Wayne Lewis, Eric Holsapple, MECAP LLC., Bangor Savings Bank, Robert Burgess, David Jones, F.O. Bailey Real Estate LLC)**

231.        Mr. Fowler repeats and re-alleges paragraph 1through 230.

232.        Pursuant to 14 M.R.S.A. § 6030 "[i]t is an unfair and deceptive trade practice in

            violation of Title 5, section 207 for a landlord to require a tenant to enter into a

            lease or tenancy at will agreement for a dwelling unit, as defined in section 6021,

            in which the tenant agrees to a provision that has the effect of waiving a tenant

            right established in chapter 709."

233.        Fraud is an unfair and deceptive trade practice.

234.        Removing Mr. Fowler's personal property is an unfair and deceptive trade

            practice as a violation 14 M.R.S.A. § 6014.

235.        Scott Lalumiere, MECAP LLC., Bangor Savings Bank, Robert Burgess, David

            Jones, F.O. Bailey Real Estate LLC. committed the acts described in this count

            with actual malice.

236.        Defendants Coastal Realty Capital, LLC, Milk Street Capital LLC. Maine Capital

            Group LLC., MECAP, LLC., Birch point Storage, LLC, LH Housing, LLC.,

            TTJR, LLC., BLR Capital, LLC., F.O. Bailey Real Estate, LLC., Bangor Savings

            Bank, Mike Lynden, Shawn Lynden. Russell Oakes, Andre Bellucci, Scott

            Lalumiere, Wayne Lewis, Eric Holsapple, Robert Burges and David Clarke have

combined value that exceeds $20,000,000.00.

WHEREFORE, Plaintiffs, Mr. Fowler requests that this Honorable Court (1) enter judgment in favor of the plaintiff in an amount that fully and completely compensates them for the injuries they have sustained, (2) punitive damages in amount determined sufficient to deter such conduct, (3) and award such other and further relief as this Honorable Court deems just and proper

## COUNT XIV

## CONVERSION OF PERSONAL PROPERTY

### (against David Jones, Bangor Savings Bank, and Robert Burgess)

237.    Mr. Fowler repeats and re-alleges paragraphs 1 through 236 and further alleges:

238.    David Jones, Bangor Savings Bank, and Robert Burgess took possession of Mr. Fowler's property.

239.    Mr. Fowler has a property interest in his personal property at 33 Sanborn Lane.

240.    Mr. Fowler had a right to possession of his personal property at the time Mr. Jones denied him access to his property.

241.    Because Mr. Jones's possession of Mr. Fowler's personal property was unlawful, it is not necessary to demand its return.

58

242.       In the event that it is necessary to demand return, Mr. Fowler told Mr. Jones that

his property was in the home and he had no right to its possession and that he

wanted his property back.

WHEREFORE, Plaintiff, Mr. Fowler requests that this Honorable Court (1) enter judgment in

favor of the plaintiff in an amount that fully and completely compensates them for the injuries

they have sustained, (2) and award such other and further relief as this Honorable Court deems

just and proper

**COUNT XV**

**NEGLIGENT DESTRUCTION OF PERSONAL PROPERTY**

**(against David Jones)**

243.       Mr. Fowler repeats and re-alleges paragraphs 1 through 242 and further alleges:

244.       Mr. Jones had a duty to protect Mr. Fowler's personal property from destruction.

245.       Mr. Jones violated that duty by disposing Mr. Fowler's property.

246.       Mr. Jones's actions were the proximate cause of the destruction of Mr. Fowler's

property.

247.        Mr. Fowler suffered damages in the amount equal to the value of his destroyed

property.


WHEREFORE, Plaintiff, Mr. Fowler requests that this Honorable Court (1) enter judgment in

favor of the plaintiff in an amount that fully and completely compensates them for the injuries

they have sustained, (2) and award such other and further relief as this Honorable Court deems

just and proper.

## COUNT XVI

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (against Andre Bellucci)

248.        Mr. Lewis repeats re-alleges paragraphs 1 through 247 and further alleges:


249.        Mr. Bellucci negligently caused the infliction of severe emotional distress.


250.        Mr. Bellucci's behavior was so outrageous that it cannot be tolerated in civilized

society.


251.        Mr. Bellucci's negligence caused the severe emotional distress of Mr. Lewis.


252.        Mr. Bellucci could reasonably foresee that offering to purchase 57 Beach Street

for $380,000.00 and then revoking the offer days before the foreclosure sale

would cause Mr. Lewis severe emotional distress.

60

253.        The distress is so severe that no ordinary person could be expected to endure it.

WHEREFORE, Plaintiff, Mr. Lewis requests that this Honorable Court (1) enter judgment in favor of the plaintiff in an amount that fully and completely compensates him for the injuries he has sustained, (2) and award such other and further relief as this Honorable Court deems just and proper

## COUNT XVII.

## UNJUST ENRICHMENT

**(against Milk Street Capital LLC. Maine Capital Group LLC., MECAP, LLC., LH Housing, LLC., TTJR, LLC., BLR Capital, LLC., LOSU LLC, F.O. Bailey Real Estate, LLC., Bangor Savings Bank, Androscoggin Savings Bank Camden National Bank, Mike Lynden, Shawn Lynden. Russell Oakes, Scott Lalumiere, Wayne Lewis, Eric Holsapple, David Hirshon, David Jones, Andre Bellucci, John Doe Number II, John Doe Number III, John Doe Number IV, Robert Burges and David Clarke)**

254.        Plaintiffs James Lewis, Joel Douglas and Steven Fowler repeat and re-allege paragraphs 1 through 253.

255.        Milk Street Capital LLC. Maine Capital Group LLC., MECAP, LLC., LH Housing, LLC., TTJR, LLC., BLR Capital, LLC., LOSU LLC, F.O. Bailey Real Estate, LLC., Bangor Savings Bank, Androscoggin Savings Bank, Camden

National Bank, Machias Savings Bank, Mike Lynden, Shawn Lynden. Russell Oakes, Scott Lalumiere, Wayne Lewis, Eric Holsapple, David Hirshon, David Jones, Andre Bellucci, John Doe Number II, John Doe Number III, John Doe Number IV, Robert Burges and David Clarke extraction of equity from the homes at 661 Allen Avenue and 57 Queen Street when Mr. Douglas and Mr. Fowler paid the underlying obligations on the property unjustly enriched the organization, which in good faith and conscience they should not be permitted to keep.

256.     By reason of the forgoing unjust enrichment, Mr. Lewis, Mr. Douglas and Mr. Fowler have been damaged by more than $1,000,000.00.

WHEREFORE, Plaintiffs, Mr. Lewis Mr. Fowler, Mr. Douglas requests that this Honorable Court (1) enter judgment in favor of the plaintiff in an amount that fully and completely compensates them for the injuries they have sustained, (2) and award such other and further relief as this Honorable Court deems just and proper.

Dated: September 15, 2020                    /s/ Robert C. Andrews
                                             Robert C. Andrews
                                             Bar Number 8980
                                             117 Auburn Street Suite 201
                                             Portland, Maine 04103
                                             207-879-9850