UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOEL DOUGLAS, et al., | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | )   2:20-cv-00227-JDL |
| | ) |
| SCOTT LALUMIERE, et al., | ) |
| | ) |
| Defendants | ) |

**ORDER ON MOTIONS FOR LIMITED DISCOVERY**

In their amended complaint, Plaintiffs assert, in part, four counts under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), alleging that Defendants conspired to violate § 1962(a) of the Act. *See* 18 U.S.C. § 1962(d). (Am. Complaint at 26-46, ECF No. 11.) Many of the defendants filed motions to dismiss Plaintiffs' RICO claims.[1] Plaintiffs, citing *New England Data Services, Inc. v. Becher*, 829 F.2d 286, 290 (1st Cir. 1987), have moved for leave to conduct discovery to the extent necessary to satisfy the requirements of Federal Rule of Civil Procedure 9(b) on their RICO claim, before the Court considers the motions to dismiss. (Motions for Limited Discovery, ECF Nos. 46, 103, 107, 113, 129, 136, 143, 145.)

---

[1] The following defendants filed motions to dismiss: Androscoggin Savings Bank (ECF No. 37); Camden National Bank (ECF No. 61); TTJR, LLC, LH Housing, LLC and Eric Holsapple (ECF No. 65); David Hirshon (ECF No. 70); Bangor Savings Bank and Robert Burgess (ECF No. 98); Wayne Lewis (ECF No. 110); Machias Savings Bank (ECF No. 111); Coastal Realty Capital, LLC, Michael Lynden, and Shawn Lynden (ECF No. 118); and, Andre Bellucci (ECF No. 147).

Following a review of the pleadings and after consideration of the parties' arguments, the Court denies Plaintiffs' motions without prejudice.

## DISCUSSION

"RICO pleadings of mail and wire fraud must satisfy the particularity requirements of Rule 9(b)." *Ahmed v. Rosenblatt*, 118 F.3d 886, 889 (1st Cir. 1997) (citations omitted); *see* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Under Rule 9(b), "the pleader is required to go beyond a showing of fraud and state the time, place and content of the alleged mail and wire communications perpetrating that fraud." *Cordero-Hernandez v. Hernandez-Ballesteros*, 449 F.3d 240, 244 (1st Cir. 2006) (quotation marks omitted). However, "in regards to the details of just when and where the mail or wires were used," dismissal of a claim "should not be *automatic* once the lower court determines that Rule 9(b) was not satisfied." *New England Data Services, Inc. v. Becher*, 829 F.2d 286, 290 (1st Cir. 1987) (emphasis in original). Rather, "[i]n an appropriate case, . . . the court should make a *second* determination as to whether the claim as presented warrants the allowance of discovery and if so, thereafter provide an opportunity to amend the defective complaint." *Id.* (emphasis in original)

"[T]he *Becher* second determination is neither automatic, nor of right, for every plaintiff." *Ahmed*, 118 F.3d at 890 (citing *Feinstein v. Resolution Trust Corp.*, 942 F.2d 34, 44 (1st Cir. 1991)). "In a RICO action where fraud has not been pleaded against a given respondent with the requisite specificity and Rule 9(b) has been flouted, dismissal should follow as to that respondent unless the plaintiff, at a bare minimum, suggests to the

district court, in a timely manner, that a limited period of discovery will likely allow [the plaintiff] to plug the holes in the complaint and requests leave (i) to conduct discovery for this limited purpose and (ii) thereafter to amend [the] complaint." *Feinstein*, 942 F.2d at 44. "It is only then that a district court must take a second look to ascertain whether a particular case is 'appropriate,' for the special unguent of deferral." *Id.* (quoting *Becher*, 829 F.2d at 290).

Because "the *Becher* second determination is neither automatic, nor of right, for every plaintiff," *Ahmed*, 118 F.3d at 890, Plaintiffs' requests to conduct discovery are more appropriately evaluated when the Court, as part of its assessment of Defendants' motions to dismiss, determines whether Rule 9(b) has been satisfied and whether Plaintiffs have otherwise stated an actionable claim. The Court, therefore, will deny without prejudice the motions to conduct discovery before the Court considers the motions to dismiss. The Court will consider Plaintiffs' requests as part of the Court's assessment of each defendant's motion to dismiss.[2]

## CONCLUSION

Based on the foregoing analysis, the Court denies without prejudice Plaintiffs' motions for limited discovery.

---

[2] In their responses to the motions to dismiss, Plaintiffs requested leave to conduct discovery. (Response at 2, ECF No. 43; Response at 1, ECF No. 100; Response at 2, ECF No. 101; Response at 1, ECF No. 101; Response at 2, ECF No. 112; Response at 1, ECF No. 128; Response at 1, ECF No. 135; Response at 1, ECF No. 142; Response at 19, ECF No. 144.)

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of January, 2021.