UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOEL DOUGLAS, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 2:20-cv-00227-JDL |
| | ) | |
| SCOTT LALUMIERE, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON PLAINTIFFS' MOTION
FOR SERVICE BY PUBLICATION**

Plaintiffs seeks leave to serve Defendant Russell Oakes with the complaint and summons by publication. (Motion, ECF No. 171.) After review of the motion and the record, the Court denies the motion without prejudice.

### FACTUAL BACKGROUND

Plaintiffs assert they have made the following attempts to serve Defendant Oakes:

1. Plaintiffs conducted several internet searches to locate Defendant Oakes' residence. The search revealed a post office box in Freeport, Maine. The search also revealed other known past addresses for Defendant Oakes.

2. Plaintiffs contacted the Cumberland County Sheriff's office to conduct an inquiry as to Defendant Oakes' address and telephone number. Plaintiffs asked the Cumberland County Sheriff's office to serve Defendant Oakes.

3. Plaintiffs paid a fee to the Cumberland County Sheriff's office to locate the address associated with the post office box.

4. Plaintiffs identified Defendant Oakes' employer and attempted to contact him through his employment but were unsuccessful.

5. The Cumberland County Sheriff's office attempted without success to serve Defendant Oakes at three separate addresses. The deputy who attempted service left contact information for Defendant Oakes, and several voicemail messages on phone numbers associated with Defendant Oakes' place of business. Defendant Oakes did not contact the deputy.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, delivering a copy to an agent authorized by appointment or by law to receive service of process, or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district is located or where service is made. Fed. R. Civ. P. 4(e). A party may also complete service through notice and waiver by the defendant in accordance with Federal Rule of Civil Procedure 4(d). In addition to the traditional method of personal service, Maine law provides for alternate means of serving a summons and complaint, "upon a showing that service cannot with due diligence be made by another prescribed method." Me. R. Civ. P. 4(g)(1).

Alternate means of service include leaving the summons, complaint, and the order authorizing service by alternate means at the individual's dwelling house or usual place of abode, by publication unless a statute provides another method of notice, or by electronic or any other means not prohibited by law. *Id.* A motion for service by alternate means must be supported by an affidavit demonstrating that:

2

> (A) The moving party has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute;
>
> (B) The identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process; and
>
> (C) The requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit.

Me. R. Civ. P. 4(g)(1).

"Both the United States and Maine Constitutions require that, as a basic element of due process, any defendant against whom suit is commenced is entitled to notice reasonably calculated to give actual notice, and a reasonable opportunity to respond to the action." *Gaeth v. Deacon,* 2009 ME 9, ¶ 23, 964 A.2d 621, 627. Although the Maine Rules of Civil Procedure continue to authorize service by publication in some circumstances, this method of providing notice "developed at a time when newspapers were the only means of print mass communication, and when newspapers were more widely and intensely read than is now the case." *Id.*, 2009 ME 9, ¶ 25, 964 A.2d at 627. For this reason, the Maine Supreme Judicial Court has described service by publication as a "last resort":

> Because service by publication has become less likely to achieve actual notice of a lawsuit, it is also less likely to meet the requirements of due process. *See Grannis* [*v. Ordean*]*,* 234 U.S. [385] at 394, 34 S. Ct. 779 [(1914)]. Today, just as one hundred years ago, notice of a suit must be given in the manner "most reasonably calculated to apprise the defendant" of the pendency of a suit. *Lewien* [*v. Cohen*]*,* 432 A.2d [800] at 804–05 [(Me. 1981)]. Accordingly, because of the recent societal changes, service by publication in a newspaper is now a last resort that a party should attempt only when it has exhausted other means more likely to achieve notice. *See* 1

3

> Field, McKusick & Wroth, *Maine Civil Practice* § 4.13 at 98–100 (2d ed.1970); *see also* M.R. Civ. P. 4(g)(1) (mandating that courts may order service by publication only upon motion showing that "*service cannot with due diligence be made* by another prescribed method" (emphasis added)). "When a party's identity and location are reasonably ascertainable, notice by publication is not reasonably calculated to provide actual notice of the pending proceeding." *Phillips* [*v. Johnson*]*,* 2003 ME 127, ¶ 27 n. 12, 834 A.2d at 946 (quotation marks omitted). Thus, "service by publication should occur only when notice cannot be accomplished by other means." *Id.* ¶ 27, 834 A.2d at 946.

*Gaeth*, 2009 ME 9, ¶ 26, 964 A.2d at 628 (footnote omitted).[1]

Upon review of the record, the Court is not persuaded that service by publication is appropriate at this stage of the proceedings. While Plaintiffs have made attempts to serve Defendant Oakes, Plaintiffs have not established that service could not be made under more traditional means of service. First, although Plaintiffs assert the sheriff's office attempted service at three locations, Plaintiffs provide no information as to why service was attempted at the addresses or how Defendant Oakes would have received the contact information that was left at the addresses. In addition, Plaintiffs evidently have a post office box number for Defendant Oakes, yet Plaintiffs did not attempt to serve him by notice and waiver pursuant to Federal Rule of Civil Procedure 4(g).[2] Furthermore, as Plaintiffs acknowledge, Defendant Oakes is evidently identified on his employer's website and thus Plaintiffs know

---

[1] As early as 1950, the United States Supreme Court expressed doubts about the sufficiency of notice by publication. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed.").

[2] Although Plaintiffs might contend that the notice and waiver process might be futile because Plaintiffs believe Defendant Oakes is avoiding service, the potential consequences of not waiving service might prompt Defendant Oakes to sign the waiver.

where he works. Plaintiffs, however, have not established that service could not be made as the result of information that could reasonably be obtained through Defendant Oakes' employer. The effort to serve Defendant Oakes at work or through information obtained from his employer is limited to three phone calls, with messages, by the sheriff's office to a work number for Defendant Oakes. The record lacks information regarding efforts to contact anyone else at the place of business, or whether the place of business has an email address or any other means through which contact could be made.

In sum, while the Court understands Plaintiffs' frustration in their inability to serve Defendant Oakes to this point, Plaintiffs have not persuaded the Court that service cannot be made under Rule 4. On this record, therefore, the Court will not authorize service by publication.

## CONCLUSION

Based on the foregoing analysis, the Court denies without prejudice Plaintiffs' motion for service by publication.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of April, 2021.