UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOEL DOUGLAS, et al., | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | )  2:20-cv-00227-JDL |
| | ) |
| SCOTT LALUMIERE, et al., | ) |
| | ) |
| Defendants | ) |

**ORDER ON PLAINTIFFS' MOTIONS FOR LIMITED DISCOVERY**

This matter is before the Court on Plaintiffs' motions for leave to conduct limited discovery. (Motions for Limited Discovery, ECF Nos. 165, 202.) Plaintiffs filed their motions after Defendants Andre Bellucci and BLR Capital, LLC each moved to dismiss Plaintiffs' amended complaint. (Motions, ECF No. 147, 197.) Citing *New England Data Services, Inc. v. Becher*, 829 F.2d 286, 290 (1st Cir. 1987), Plaintiffs seek leave to conduct discovery to the extent necessary to satisfy the requirements of Federal Rule of Civil Procedure 9(b) before the Court considers the defendants' motions to dismiss.

Plaintiffs previously filed motions to conduct limited discovery in response to motions to dismiss filed by other defendants in this matter. (Motions for Limited Discovery, ECF Nos. 46, 103, 107, 113, 129, 136, 143, 145.) The Court denied without prejudice Plaintiffs' prior motions, concluding that "Plaintiffs' requests to conduct discovery are more appropriately evaluated when the Court, as part of its assessment of Defendants' motions to dismiss, determines whether Rule 9(b) has been satisfied and whether Plaintiffs have otherwise stated an actionable claim." (Order at 3, ECF No. 156.)

Here, for the same reasons discussed in its January 21, 2021 Order, the Court denies Plaintiffs' motions without prejudice. (ECF Nos. 165, 202.) The Court will consider Plaintiffs' requests as part of the Court's assessment of each defendant's pending motion to dismiss.[1]

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of April, 2021.

---

[1] Plaintiffs requested leave to conduct discovery in their responses to the motions to dismiss. (Response at 18, ECF No. 164; Response at 1, ECF No. 201.)