## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

JOEL DOUGLAS, et al.,       )
                  )
    Plaintiffs,        )
                  )
       v.          )   2:20-cv-00227-JDL
                  )
SCOTT LALUMIERE, et al.,    )
                  )
    Defendants.       )

## ORDER ON DAVID HIRSHON & LOSU, LLC'S MOTION TO DISMISS

Joel Douglas, Steven Fowler, and James Lewis (collectively, "Plaintiffs") bring this action against Scott Lalumiere and twenty-five other defendants (collectively, "Defendants"), asserting seventeen claims arising out of an alleged scheme to defraud the Plaintiffs and obtain control or ownership of their real estate properties for the purpose of borrowing against the properties' equity.  In total, the Defendants have filed thirteen motions to dismiss the First Amended Complaint (the "Complaint") (ECF No. 11) for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  This Order addresses David Hirshon and LOSU, LLC's motion to dismiss the claims asserted against them under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.A. §§ 1961-1968 (West 2021), and Maine contract law (ECF No. 70).  For the reasons that follow,

---

[1] The following defendants filed have motions to dismiss: Androscoggin Savings Bank (ECF No. 37); Camden National Bank (ECF No. 61); TTJR, LLC, LH Housing, LLC, and Eric Holsapple (ECF No. 65); LOSU, LLC and David Hirshon (ECF No. 70); Bangor Savings Bank and Robert Burgess (ECF No. 98); Wayne Lewis (ECF No. 110); Machias Savings Bank (ECF No. 111); Coastal Realty Capital, LLC, Michael Lyden, and Shawn Lyden (ECF No. 118); Andre Bellucci (ECF No. 147); BLR Capital, LLC (ECF No. 197); F.O. Bailey Real Estate, LLC and David Jones (ECF No. 203); Russell Oakes (ECF No. 223); and David Clarke (ECF No. 225).  Only Defendants Scott Lalumiere, MECAP, LLC, and Birch Point Storage, LLC have not filed motions to dismiss.

I grant David Hirshon and LOSU, LLC's Motion to Dismiss, deny the Plaintiffs' Motion for Limited Discovery,[2] and deny as moot the Plaintiffs' objection to the Magistrate Judge's order denying the Plaintiffs' Motion for Limited discovery.

## I.  BACKGROUND

The Complaint alleges the following facts, which I treat as true for purposes of ruling on this Motion to Dismiss.

The Complaint asserts that Scott Lalumiere and other defendants engaged in three distinct but intertwined schemes to defraud the Plaintiffs.  In the first scheme, the Complaint alleges that Scott Lalumiere, funded by various banks and private lenders, fraudulently induced several vulnerable individuals, including Plaintiffs Steven Fowler and Joel Douglas, who lacked access to conventional credit, to enter into unfavorable lease/buy-back agreements.  Under the terms of the agreements, the title of the victim's property would be transferred to a corporate entity controlled by Lalumiere with the victim, as the lessee, retaining a purchase option.  The Lalumiere-controlled entity would subsequently mortgage the property to banks and private lenders, and, when the entity defaulted on its loan, the mortgagees foreclosed on the property, frustrating the victim's option to purchase.

In the second alleged scheme, Fowler entered into an agreement with Lalumiere whereby he would provide labor and materials at a discounted rate to renovate certain properties controlled by Lalumiere, with the understanding that

---

[2] I recognize that Magistrate Judge John C. Nivison denied the Motion for Limited Discovery on January 21, 2021 (ECF No. 156).  His order expressly recognized, however, that the Plaintiffs' request for limited discovery should be revisited as part of the Court's assessment of the Motion to Dismiss. Accordingly, I have treated the earlier order denying the motion as a deferral of action on the motion. Further, I have considered the merits of the motion and, for the reasons explained herein, I deny the motion.

Fowler could purchase the properties back upon the completion of the renovations. However, Lalumiere frustrated Fowler's right to purchase the properties by defaulting on the mortgages, causing the mortgagees to foreclose on the properties.

In the third alleged scheme, several of the Defendants agreed to pay-off and discharge Plaintiff James Lewis's defaulted mortgage and to lend him money to make improvements to his property in exchange for him deeding the property to a corporation and making certain payments. After the title was transferred, they refused to loan him the money and subsequently foreclosed on the property.

The Complaint contains scant details regarding Hirshon's and LOSU's participation in Lalumiere's schemes. The Complaint merely alleges that Hirshon "is a person residing in Freeport Maine" and LOSU "is a Maine corporation doing business in the State of Maine," and that they "realized the proceeds" from the RICO enterprise and "knew about the fraud" in the first scheme noted above. ECF No. 11 ¶¶ 19, 27, 174, 178.

The Plaintiffs filed a Motion for Limited Discovery from Hirshon in connection with their response to the Motion to Dismiss. On January 21, 2021, Magistrate Judge John C. Nivison entered an order denying the Plaintiffs' limited discovery request without prejudice, stating that "[t]he Court will consider Plaintiffs' [discovery] requests as part of the Court's assessment of each defendant's motion to dismiss." ECF No. 156 at 3. On January 28, 2021, the Plaintiffs filed a timely objection to the Magistrate Judge's order (ECF No. 162). Below, I address the Plaintiffs' Motion for Limited Discovery and the Plaintiffs' objection to Magistrate Judge Nivison's order as it relates to Hirshon and LOSU's Motion to Dismiss.

## II.  LEGAL ANALYSIS

In reviewing a motion to dismiss for failure to state a claim, a court must "accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the pleader's favor." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 52-53 (1st Cir. 2013) (quoting *Santiago v. Puerto Rico*, 655 F.3d 61, 72 (1st Cir. 2011)).  To survive a motion to dismiss, the complaint "must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* at 53 (quoting *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012)).  Additionally, a court may consider inferences "gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *Id.* (quoting *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011)).

To assess the complaint's adequacy, courts apply a "two-pronged approach," *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011): First, the court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements," and second, the court will "take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief," *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012).  To determine the plausibility of a claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Although conclusory legal statements may "provide the framework of a complaint, they must be supported by

factual allegations." *Id.* The court must determine whether the factual allegations "plausibly give rise to an entitlement to relief." *Id.*

In addition, the Plaintiffs' fraud-related claims are subject to Federal Rule of Civil Procedure 9(b), which requires that a complaint "state with particularity the circumstances constituting fraud." To satisfy this requirement, the complaint must set forth the "time, place and content of an alleged false representation." *Howell v. Advantage Payroll Servs., Inc.*, No. 2:16-cv-438-NT, 2017 WL 782881, at *6 (D. Me. Feb. 28, 2017) (quoting *Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir. 1985)). The Plaintiffs' RICO claims are based in part on the predicate acts of mail and wire fraud, which "must satisfy the particularity requirements of Rule 9(b)." *Ahmed v. Rosenblatt*, 118 F.3d 886, 889 (1st Cir. 1997).

The Plaintiffs' claims against Hirshon and LOSU are: (A) the RICO claim and (B) the unjust enrichment claim. The RICO claim includes a single count against the alleged enterprise operating the conspiracy. The unjust enrichment claim stands for itself. I address each in turn.

## A.    RICO Claim (Count IV)[3]

The Complaint asserts that David Hirshon and LOSU participated in a RICO conspiracy under 18 U.S.C.A. § 1962(d) (West 2021). "To prove a RICO conspiracy offense, the [plaintiff] must show that 'the defendant knowingly joined the conspiracy, agreeing with one or more coconspirators "to further the endeavor, which, if completed, would satisfy all the elements of a substantive RICO offense."'" *United*

---

[3] It is unclear whether the Complaint asserts a RICO count against LOSU. Count IV specifically names Hirshon but not LOSU; however, Count IV includes allegations against LOSU. For purposes of this motion, I accept that Count IV asserts a claim against both Hirshon and LOSU.

*States v. Velazquez-Fontanez*, 6 F.4th 205, 212 (1st Cir. 2021) (alterations omitted) (quoting *United States v. Rodríguez-Torres*, 939 F.3d 16, 23 (1st Cir. 2019)).  It is not necessary to "prove that the defendant or his co-conspirators committed any overt act in furtherance of the conspiracy."  *United States v. Leoner-Aguirre*, 939 F.3d 310, 317 (1st Cir. 2019).

Here, the Complaint alleges that David Hirshon and LOSU conspired to violate 18 U.S.C.A. § 1962(a), which makes it unlawful to use or invest income derived from a pattern of racketeering activity under certain circumstances:

> It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity . . . in which such person has participated as a principal . . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in . . . interstate or foreign commerce.

An "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18 U.S.C.A. § 1961(4) (West 2021).  "To establish a pattern of racketeering, a plaintiff must show at least two predicate acts of 'racketeering activity', as the statute defines such activity, and must establish that the 'predicates are related, *and* that they amount to or pose a threat of continued criminal activity.'"  *McEvoy Travel Bureau, Inc. v. Heritage Travel, Inc.*, 904 F.2d 786, 788 (1st Cir. 1990) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239).  "Racketeering activity" encompasses mail fraud under 18 U.S.C.A. § 1341 (West 2021), wire fraud under 18 U.S.C.A. § 1343 (West 2021), and money laundering under 18 U.S.C.A. § 1956 (West 2021).  18 U.S.C.A. § 1961(1).  A plaintiff asserting a § 1962(a) claim must

further prove that he was "injured 'in his business or property by reason of' the defendant's violation." *Compagnie De Reassurance D'Ile de France v. New England Reinsurance Corp.*, 57 F.3d 56, 91 (1st Cir. 1995) (quoting 18 U.S.C.A. § 1964(c) (West 2021)).

The Plaintiffs' theory for their RICO claim against Hirshon and LOSU is that Hirshon and LOSU conspired with the Lalumiere Defendants[4] under § 1962(d) to reinvest the income from a pattern of racketeering activity back into the enterprise. The alleged racketeering activity was money laundering and mail and wire fraud. The Complaint contains so few allegations against Hirshon and LOSU that it is impossible to discern how they might be connected to the Plaintiffs' claims, let alone conclude that they agreed to conspire with the Lalumiere Defendants.   The Complaint's only description of Hirshon is that he "is a person residing in Freeport Maine," and the only description of LOSU is that it "is a Maine corporation doing business in the State of Maine."  ECF No. 11 ¶¶ 19, 27.  The only RICO allegations against Hirshon and LOSU assert that they "realized the proceeds" of the RICO enterprise and they "knew about the fraud committed by the Enterprise because of their participation in the transactions for 661 Allen Avenue and 75 Queen Street." *Id.* ¶¶ 174, 178.  However, the Complaint does not contain any description of how they participated in the transactions.

The Plaintiffs' response to Hirshon and LOSU's Motion to Dismiss sets forth additional facts not contained in the Complaint, claiming that Hirshon "handled the

---

[4] This term refers to Defendant Scott Lalumiere and the corporate entities he controlled: Defendants Birch Point Storage, LLC and MECAP, LLC.

transaction that transferred 75 Queen Street from Mr. Lalumiere to MECAP LLC on July 24, 2015" and "began investing into the enterprise" in 2019.  ECF No. 112 at 4-5.  However, on a Rule 12(b)(6) motion to dismiss, a court's inquiry is confined to the allegations in the complaint and its attachments.  *See Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 73-74 (1st Cir. 2014) (reversing the district court for improperly considering evidence beyond the allegations in the pleadings).  Thus, I do not consider the new allegations contained in the Plaintiffs' response.

Without any further information, the Complaint provides no indication as to what Hirshon's and LOSU's roles in the conspiracy were, whether they knew of Lalumiere's fraud, or whether they knowingly agreed to facilitate Lalumiere's scheme.  For these reasons, I dismiss the RICO count against Hirshon and LOSU.[5]

## B.   Unjust Enrichment Claim (Count XVII)

The Complaint asserts a claim for unjust enrichment against Hirshon and LOSU based on the alleged "extraction of equity from the homes at 661 Allen Avenue and 57 Queen Street."  ECF No. 11 ¶ 255.

A claim for unjust enrichment requires proof that "(1) [the complaining party] conferred a benefit on the other party; (2) the other party had appreciation or knowledge of the benefit; and (3) the acceptance or retention of the benefit was under such circumstances as to make it inequitable for it to retain the benefit without payment of its value."  *Knope v. Green Tree Servicing, LLC*, 2017 ME 95, ¶ 12,

---

[5] The Complaint fails to plausibly allege that Hirshon and LOSU knowingly joined Lalumiere's conspiracy, and for that reason alone, the Plaintiffs' RICO claim against Hirshon and LOSU fails. Therefore, I do not address Hirshon and LOSU's additional argument that the Complaint fails to sufficiently plead a plausible pattern of racketeering activity.

161 A.3d 696, 699 (quoting *Me. Eye Care Assocs., P.A. v. Gorman*, 2008 ME 36, ¶ 17, 942 A.2d 707, 712).

The Complaint's unjust enrichment claim must be dismissed because the Complaint fails to allege that a benefit was conferred on Hirshon or LOSU. Although the Plaintiffs allegedly suffered harm through the loss of their properties, the Complaint fails to assert facts that would plausibly establish that a resulting benefit was conferred on Hirshon or LOSU. Relatedly, the Complaint does not allege that Hirshon or LOSU had or should have had "appreciation or knowledge" of the benefit received. There cannot be an unjust enrichment without a "conferred benefit" or "knowledge of the benefit."

In sum, the Complaint fails to plead facts which, if proven, would establish a right of recovery based on unjust enrichment.

## C.   Motion for Limited Discovery

A dismissal is not automatic once the lower court determines that Rule 9(b) has not been satisfied. *New England Data Servs., Inc. v. Becher*, 829 F.2d 286, 290 (1st Cir. 1987). Instead, after the Rule 9(b) determination, a "court should make a *second* determination as to whether the claim as presented warrants the allowance of discovery and if so, thereafter provide an opportunity to amend the defective complaint." *Id.* The plaintiff may have a right to limited discovery, to the extent necessary to cure a Rule 9(b) defect about "the details of just when and where the mail or wires were used." *Id.* A court also has "some latitude" to allow discovery "where a plausible claim may be indicated 'based on what is known,' at least where . . . 'some of the information needed may be in the control of the defendants.'"

*Menard v. CSX Transp., Inc.*, 698 F.3d 40, 45 (1st Cir. 2012) (alteration omitted) (quoting *Pruell v. Caritas Christi*, 678 F.3d 10, 15 (1st Cir. 2012)).

Here, the Plaintiffs seek limited discovery from Hirshon to reveal "communications between David Hirshon and the other defendants" who were allegedly involved in the conspiracy. ECF No. 113 at 3. Under the Plaintiffs' theory, Hirshon has exclusive access to communications which are necessary to prove the elements of fraud. Hirshon opposes the motion, asserting the Plaintiffs have failed to demonstrate a right to limited discovery because they have not pleaded a plausible claim and limited discovery is generally granted to cure particularity deficiencies, not plausibility defects.

The decisions in *Becher* and *Menard* establish two possible grounds for granting limited discovery. First, under *Menard*, where modest discovery may "provide the missing link" to satisfy the Rule 12(b)(6) plausibility standard, the court may allow limited discovery "at least where . . . 'some of the information needed may be in the control of the defendants.'" 698 F.3d at 45 (quoting *Pruell v. Caritas Christi*, 678 F.3d 10, 15 (1st Cir. 2012)). Here, however, the Complaint is not lacking a "missing link." The Complaint does not plausibly suggest that Hirshon had information that would provide the "missing link" needed to remedy its deficiencies.

Second, as discussed in *Becher*, a court may allow discovery as to "the details of just when and where the mail or wires were used" in a "RICO mail and wire fraud case." 829 F.2d at 290; *see also Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). Here, however, additional information as to how the conspiracy used the mail

or wires would not cure the Complaint's failure to sufficiently allege that Hirshon knowingly joined the conspiracy.

Neither *Menard* nor *Becher* offers a basis to grant limited discovery for the Plaintiffs as against Hirshon. Thus, the Motion for Limited Discovery as to Hirshon is denied, and the Plaintiffs' objection to the Magistrate Judge's Order (ECF No. 156) deferring action on the Motion for Limited Discovery until the Court assessed the motions to dismiss, is denied as moot.

## III. CONCLUSION

For the reasons stated above, it is **ORDERED** that David Hirshon and LOSU, LLC's Motion to Dismiss (ECF No. 70) is **GRANTED**. The Amended Complaint (ECF No. 11) as to David Hirshon and LOSU, LLC is **DISMISSED**. The Plaintiffs' Motion for Limited Discovery (ECF No. 113) is **DENIED** and the Plaintiffs' Objection to the Magistrate Judge's Order on Limited Discovery (ECF No. 162) is **DENIED AS MOOT** as to David Hirshon.

**SO ORDERED.**

**Dated: September 29, 2021**

_____/s/ JON D. LEVY_____
**CHIEF U.S. DISTRICT JUDGE**