UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOEL DOUGLAS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 2:20-cv-00227-JDL |
| | ) |
| SCOTT LALUMIERE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS DAVID HIRSHON AND LOSU, LLC'S MOTION FOR FINAL JUDGMENT**

Plaintiffs Joel Douglas, Steven Fowler, and James Lewis filed a complaint (ECF No. 11) against twenty-three named defendants asserting seventeen claims arising out of multiple allegedly fraudulent schemes involving real estate. I previously granted (ECF No. 243) Defendants David Hirshon and LOSU, LLC's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 70). The claims against Hirshon and LOSU were a Racketeer Influenced and Corrupt Organizations Act ("RICO") claim for conspiring to invest income derived from a pattern of racketeering activity into an enterprise, *see* 18 U.S.C.A. § 1962(a), (d) (West 2022), and a claim for unjust enrichment under Maine law. Now Hirshon and LOSU move (ECF No. 247) for entry of final judgment under Federal Rule of Civil Procedure 54(b). For the reasons that follow, I grant the motion.

**I. ANALYSIS**

Under Rule 54(b), "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that

1

there is no just reason for delay." The first stage of the Rule 54(b) analysis is assessing finality, and the second is determining whether just reason exists for delay. *Spiegel v. Trs. of Tufts Coll.*, 843 F.2d 38, 42-43 (1st Cir. 1988). Finality addresses "whether the trial court action underlying the [requested] judgment disposed of all the rights and liabilities of at least one party as to at least one claim." *Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 706 (1st Cir. 1996). If a court has dismissed all claims against a defendant, the finality requirement is "plainly satisfied." *Nystedt v. Nigro*, 700 F.3d 25, 29 (1st Cir. 2012).

The Plaintiffs argue that the claims against Hirshon and LOSU have not been fully resolved, seemingly because (1) the claims are intertwined with the surviving claims against other defendants and (2) because a person, whom the Plaintiffs do not identify, seeks to join this lawsuit as a plaintiff to assert a new RICO claim. Whether the claims against Hirshon and LOSU are intertwined with the surviving claims is not relevant at this first finality-focused stage of the analysis; instead, any overlap is relevant to the second stage of the 54(b) inquiry—whether there is just reason for delay. And, with regards to the new RICO claim, the Plaintiffs made this representation more than six months ago but have not sought leave to file a second amended complaint. I conclude that the finality requirement has been plainly satisfied because all claims against Hirshon and LOSU have been dismissed.

Turning to Rule 54(b)'s second stage, "[o]nce the finality hurdle has been cleared, the district court must determine whether, in the idiom of the rule, 'there is no just reason for delay' in entering judgment." *Spiegel*, 843 F.2d at 43 (quoting Fed. R. Civ. P. 54(b)). At this second and final stage, a court must assess "the litigation as

a whole" and "weigh[] . . . all factors relevant to the desirability of relaxing the usual prohibition against piecemeal appellate review in the particular circumstances." *Id.* Those factors include "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). If there is "a sufficiently important reason for . . . granting certification," "the presence of one of these factors would [not] necessarily mean that Rule 54(b) certification would be improper." *Id.* at 8 n.2.

Several factors weigh in favor of immediately entering final judgment for Hirshon and LOSU. First, Hirshon and LOSU have become entangled in this lawsuit based on vague and conclusory allegations. The amended complaint asserts that Hirshon "is a person residing in Freeport Maine" and LOSU "is a Maine corporation doing business in the State of Maine," and that both "realized the proceeds" from the alleged RICO enterprise and "knew about the fraud" allegedly committed by the same. ECF No. 11 ¶¶ 19, 27, 174, 178. In my decision addressing the adequacy of the Plaintiffs' RICO conspiracy claim against these defendants, I concluded that "it is impossible to discern how [Hirshon and LOSU] might be connected to the Plaintiffs' claims, let alone conclude that they agreed to conspire with [other defendants]." ECF No. 243 at 7. Similarly, for the unjust enrichment claim, I determined that the bare and vague allegation of Hirshon's and LOSU's "extraction of equity from the homes" was insufficient for several reasons. ECF No. 243 at 8 (quoting ECF No. 11 ¶ 255).

3

Second, the inequity of deferring final judgment for Hirshon and LOSU is compounded by the fact that this case was initiated in 2020 and yet, in some respects, is just beginning. I have granted or granted in part motions to dismiss filed by eighteen other defendants. Now claims are set to move forward against nine named defendants, one of whom was recently granted an extension to file an answer. Given that this lawsuit has yet to enter the discovery phase, Hirshon and LOSU's motion would face an extended period without the benefit of a final judgment if Rule 54(b) relief were not granted.

Finally, the First Circuit has previously recognized that a district court reasonably granted a Rule 54(b) motion when the district court's weighing of the equities "focused on the importance of protecting [a lawyer and his law firm's] reputation in the legal community," including the possibility that "pending RICO and conspiracy charges might well dissuade potential clients from using their services." *Nystedt*, 700 F.3d at 30. Hirshon is an attorney accused of a RICO conspiracy, so the risk of reputational harm to him is real and weighs in favor of entering a final judgment.

The Plaintiffs do not identify how they would be prejudiced if I were to enter final judgment for Hirshon and LOSU, so the only countervailing equities are those pertaining to efficient judicial administration. The claims that have not been dismissed are: RICO conspiracy claims against Scott Lalumiere, Russell Oakes, Eric Holsapple, and Wayne Lewis; conversion claims against David Jones, Bangor Savings Bank, and Robert Burgess; illegal eviction claims against Bangor Savings Bank and Burgess; trespass and negligence claims against Jones; fraud, breach of contract, and

4

federal and Maine consumer credit law claims against Lalumiere, Birch Point Storage LLC, and MECAP LLC; and unjust enrichment and Maine Unfair Trade Practices Act claims against Lalumiere and MECAP LLC. There is little factual overlap between these surviving claims and the dismissed RICO and unjust enrichment claims against Hirshon and LOSU because very few facts are alleged as to Hirshon and LOSU. Moreover, the facts that are alleged as to Hirshon and LOSU do not illuminate how these defendants are connected to any others. The potential for legal overlap is also slight, even for the surviving RICO and unjust enrichment claims, because the claims against Hirshon and LOSU were dismissed for failure to state a claim, while the unadjudicated claims have survived 12(b)(6) motions (or no motions to dismiss were filed). Thus, immediate entry of final judgment for Hirshon and LOSU would not create inefficiencies vis-à-vis the surviving claims.

There is somewhat more overlap between the dismissed RICO and unjust enrichment claims against Hirshon and LOSU and the dismissed RICO and unjust enrichment claims against other defendants. The factual allegations concerning some defendants are similar to those concerning Hirshon and LOSU and, as such, the Plaintiffs have failed to state claims for similar reasons. For example, the allegations against Defendant Andre Bellucci include assertions that he "realized the proceeds" of the enterprise's fraud, was "informed of the fraudulent conduct in late November 2019," and "extraction [sic] of equity from the homes." ECF No. 11 ¶¶ 174, 179, 255.

However, an immediate entry of final judgment for Hirshon and LOSU would not cause significant administrative inefficiencies, notwithstanding these similarities. There are substantial differences between the bare-bones allegations

5

made against Hirshon and LOSU and the facts alleged against other defendants, and these differences make the application of the 12(b)(6) standard a unique exercise as to each defendant. For example, other defendants are variously accused of funding the alleged enterprise through certain mortgage-backed loans, revoking an offer to buy Plaintiff Lewis's property, and agreeing to market properties purchased with the proceeds of fraud. Additionally, the RICO claims against Hirshon and LOSU were dismissed because the amended complaint did not plausibly allege that they knowingly joined a conspiracy to reinvest the proceeds of racketeering activity back into the alleged enterprise. Yet most of the Court's other orders dismissing RICO claims in this case also relied on the Plaintiffs' failure to allege facts that would satisfy the investment-injury rule, which is an independent basis for the Plaintiffs' failure to state their RICO conspiracy claims. *See Compagnie De Reassurance D'Ile de Fr. v. New Eng. Reinsurance Corp.*, 57 F.3d 56, 91 (1st Cir. 1995). Finally, although the Plaintiffs have suggested the possibility of duplicative appeals, they have not affirmatively indicated that they intend to appeal the dismissal of their claims against Hirshon and LOSU.

  Having examined "1) any interrelationship or overlap among the various legal and factual issues involved and 2) any equities and efficiencies implicated by the requested piecemeal review," *State St. Bank & Tr. Co. v. Brockrim, Inc.*, 87 F.3d 1487, 1489 (1st Cir. 1996), I conclude that there is no just reason to delay entering final judgment for Hirshon and LOSU. The equities in favor of immediately entering final judgment outweigh any potential inefficiencies.

## II.  CONCLUSION

Hirshon and LOSU's Motion for Entry of Final Judgment (ECF No. 247) is **GRANTED**.  Judgment shall be entered for David Hirshon and LOSU, LLC.

**SO ORDERED.**

Dated:  June 7, 2022

_____/s/ JON D. LEVY_____
**CHIEF U.S. DISTRICT JUDGE**
