UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOEL DOUGLAS, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | 2:20-cv-00227-JDL |
| ) | |
| SCOTTT LALUMIERE, et al., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDED DECISION ON MOTIONS TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION**

Defendants Bangor Savings Bank and Robert Burgess (the Bank Defendants) and Defendant David Jones move separately pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1367 to dismiss Plaintiff Steven Fowler's state law claims against them for lack of subject matter jurisdiction. (Motions, ECF Nos. 252, 263.)

Following a review of the record and the parties' submissions, I recommend the Court deny the motions.

**FACTUAL AND PROCEDURAL BACKGROUND[1]**

Plaintiffs brought this action against the Bank Defendants, Defendant Jones, and other individual and corporate defendants, asserting claims pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968, and Maine

---

[1] "Because the issue is one of whether there is subject matter jurisdiction based on the pleadings," Plaintiffs' well-pleaded factual allegations are accepted as true and assessed in the light most favorable to Plaintiffs. *Grodin v. Schencks*, 629 F.3d 79, 83 n.5 (1st Cir. 2010).

state law, based on alleged schemes to defraud Plaintiffs. (Amended Complaint, ECF No. 11.)

As alleged by Plaintiffs, because they could not obtain loans from more conventional sources, Plaintiffs assigned their real property interests to one or another of the defendants alleged to be part of the RICO enterprise and then entered into lease-to-own buy back agreements with said defendants. (*Id.* ¶¶ 37, 47-48, 50.) Defendants used the acquired property interests to obtain loans secured by mortgages on the properties. (*Id.* ¶¶ 52-54.)

Plaintiff Fowler contends that in May 2016, he entered into an agreement with Defendant Birch Point Storage, LLC,[2] an entity allegedly controlled by Defendant Scott Lalumiere. (*Id.* ¶¶ 100-01; *see also* Plaintiffs' Oppositions at 2, ECF Nos. 255, 271.) Pursuant to the terms of that agreement, Defendant Lalumiere agreed to pay Plaintiff Fowler to renovate, at a discounted rate for labor and materials, some of the properties controlled by the alleged RICO enterprise; Plaintiff Fowler had the option to purchase the properties for the payoff amounts of the mortgages when he completed his work on the properties. (Amend. Compl. ¶¶ 101-02.) The agreement also granted Plaintiff Fowler the authority to sublease the properties, and to collect the rental income from the subleases until he completed his purchase of the properties. (*Id.*)

---

[2] The Court granted Plaintiffs' motion for entry of default against Defendant Birch Point Storage, LLC on February 10, 2021. (Order, ECF No. 175.)

In November 2016, Defendant Bangor Savings Bank extended a loan to one of the entities controlled by Defendant Lalumiere, which loan was secured by a mortgage in the amount of $139,200.00 on one of the properties, 33 Sanborn Lane in Limerick, Maine.[3] (*Id*. ¶104.)

Plaintiff Fowler "rented out" the house located at 33 Sanborn Lane, and he used the garage on the property for his business. (*Id*. ¶ 119.) Plaintiff Fowler paid the rent on the properties he was to renovate, including 33 Sanborn Lane, from October 2016 until November 2019. (*Id*. ¶ 101.) On March 19, 2020, Defendant Jones, the owner of former Defendant F.O. Bailey Real Estate LLC,[4] removed Plaintiff Fowler's personal property from 33 Sanborn Lane and denied Plaintiff Fowler access to the real property. (*Id*. ¶¶ 108, 121.) Plaintiff Fowler asserts Defendant Jones was acting as the Bank Defendants' agent after the bank foreclosed on the property. (*Id*. ¶ 123.)

The Bank Defendants and Defendant Jones previously filed motions to dismiss for failure to state an actionable claim. (Motions, ECF Nos. 98, 203.) The Court granted the Bank Defendants' motion and dismissed all claims against the Bank Defendants except Plaintiff Fowler's state law claims for illegal eviction (Count XII) and conversion (Count XIV), on which claims the Bank Defendants did not move to dismiss. (Order on the Bank

---

[3] Plaintiffs assert that the terms of the mortgage required a warranty that Defendant Lalumiere held the property free from any adverse lien, security interest, or other encumbrance, other than those specified in the loan documents, and required any leases to be submitted to bank for review and approval. (Plaintiffs' Oppositions at 2.)

[4] The Court granted Defendant F.O. Bailey Real Estate LLC's motion to dismiss Plaintiffs' claims against it on March 23, 2022. (Order on F.O. Bailey Real Estate LLC and David Jones's Motion to Dismiss, ECF No. 253.)

3

Defendants' Motion to Dismiss at 15, ECF No. 239.)  The Court also granted in part Defendant Jones' motion to dismiss; the Court denied the motion as to Plaintiff Fowler's state law claims for trespass (Count XI), conversion (Count XIV), and negligent destruction of personal property (Count XV).  (Order on Defendant Jones's Motion to Dismiss at 20, ECF No. 253.)

As the result of the Court's rulings, all federal claims against the Bank Defendants and Defendant Jones have been dismissed.  Plaintiffs' federal claims against several other defendants remain, however, including the claims against Defendant Lalumiere.[5]

## LEGAL STANDARD

"Although the district courts may not exercise jurisdiction absent a statutory basis, it is well established—in certain classes of cases—that, once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy," including claims based on state law.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  The district court may exercise supplemental jurisdiction as to the claims against a defendant even where the court has dismissed the federal claims against the defendant.  *Johnson v. City of Biddeford*, No. 2:17-cv-00264-JDL, 2018 WL 1173428, at *4 (D.Me. Mar. 3, 2018).

---

[5] Defendant Lalumiere filed a suggestion of bankruptcy on July 13, 2022.  (ECF No. 281.)  The Court stayed this pending the resolution of the bankruptcy matter.  (Order, ECF No. 282.)  On October 7, 2022, the Bank Defendants moved the Court to reopen the case and consider their motion to dismiss for lack of subject matter jurisdiction, attaching the Bankruptcy Court's Order of Discharge and Final Decree, dated October 3, 2022.  (Motion to Reopen Case, ECF No. 288; Additional Attachments, ECF Nos. 289 & 289-1.)  On November 1, 2022, the Court granted the Bank Defendants' motion to reopen.  (Order, ECF No. 291.)

"[W]hether to exercise supplemental jurisdiction is left to the sound discretion of the district court." *Pejepscot Indus. Park, Inc. v. Me Cent. R.R. Co.*, 215 F.3d 195, 206 (1st Cir. 2000). Title 28 U.S.C. § 1367 governs the Court's exercise of its supplemental jurisdiction and provides,

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). "State and federal claims are part of the same case or controversy for the purposes of section 1367(a) if they derive from a common nucleus of operative fact or are such that they would ordinarily be expected to be tried in one judicial proceeding." *Allstate Interiors & Exteriors, Inc. v. Stonestreet Const., LLC*, 730 F.3d 67, 72 (1st Cir. 2013) (internal quotation marks and modifications omitted).

Where a court has supplemental jurisdiction over a state law claim, it may decline to exercise that jurisdiction if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). If one or more of the factors are satisfied, dismissal is not mandatory because "[n]o categorical rule governs the analysis; a court must weigh concerns of comity, judicial economy, convenience, and fairness." *Redondo Const. Corp. v. Izquierdo*, 662 F.3d 42, 49 (1st Cir. 2011).

## DISCUSSION

The Bank Defendants and Defendant Jones argue (1) that the Court lacks supplemental jurisdiction over Plaintiff Fowler's state law claims against them because the state law claims are not factually connected to the remaining federal claims, and, alternatively, (2) the Court should decline to exercise supplemental jurisdiction over the claims under section 1367(c).

### A.    Same Case or Controversy

The Court's ability to exercise supplemental jurisdiction over Plaintiff Fowler's state law claims against Defendants depends, first, on whether the claims are part of the same "case or controversy" as the pending federal claims. *Audette v. Carrillo*, No. 15-cv-13280-ADB, 2017 WL 1025668, at *3 (D. Mass. Mar. 16, 2017). "Much scholarly commentary has debated the meaning of 'case' and 'controversy' in Article III, as well as § 1367(a), and the question is a difficult one." *Global NAPs, Inc. v. Verizon New England Inc.*, 603 F.3d 71, 87 (1st Cir. 2010). The First Circuit noted that "[n]o Supreme Court case ha[s] ever established the same transaction-or-occurrence test as the boundary of Article III case-or-controversy requirement." *Id.*, 603 F.3d at 88 (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)).

This Court and other courts have found "[s]upplemental jurisdiction exists if there is a 'loose factual connection' between the federal and state claims." *Pejepscot*, 281 F. Supp. 2d at 312 (citing *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995) (holding that a "loose factual connection between the claims is generally sufficient" to establish supplemental jurisdiction). *See, e.g.*, *Birdo v. Gomez*, 214 F. Supp. 3d 709, 721 (N.D. Ill. 2016) (finding supplemental jurisdiction over plaintiff's state law-based claims of misconduct by prison personnel proper after federal claims against them were dismissed, where plaintiff alleged the defendants' actions were "inspired by the same motive to break [p]laintiff's resolve during his hunger strike" as the federal claims against other defendants). *See also, e.g., Colo. Dep't of Public Health & Env't, Hazardous Materials & Waste Mgmt Div. v. U.S.*, No. 17-cv-02223-RM-SKC, 2021 WL 3286589, at **1, 2 (D. Colo. Aug. 2, 2021) (using a "loose factual connection" analysis, court exercised supplemental jurisdiction over the plaintiff's state law claim for failure to obtain post-closure permits for hazardous waste facility in action for violation of the federal Comprehensive Environmental Response, Compensation and Liability Act (CERCLA)). Some legal scholars also support this approach. The "loose factual connection" governs the assessment of a court's jurisdiction over a plaintiff's state law claim against a defendant even where the plaintiff no longer has a federal claim against the defendant. S*ee, e.g.*, 13B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3567.1 (3d ed. 2011 & 2021 update).

While the First Circuit has not explicitly adopted the "loose factual connection" standard, to the extent it is distinguishable from other explications of the "same case or

controversy" requirement, *see, e.g.*, Douglas A, McFarland, *Viewing the "Same Case or Controversy" of Supplemental Jurisdiction through the Lens of the "Common Nucleus of Operative Fact" of Pendent Jurisdiction*, 45 TEX. TECH L. REV. 905 (2013), the First Circuit has acknowledged the approach and not rejected it. *See Global NAPs, Inc.*, 603 F.3d at 87 n.22. The First Circuit's analysis in a subsequent case also suggests the Court was inclined to apply a standard that is not inconsistent with the "loose factual connection" standard. In *Godin v. Schencks*, a former school principal sued several defendants for allegedly violating her due process rights in connection with her termination. 629 F.3d 79, 80 (1st Cir. 2010). She also asserted defamation claims against three individual co-employees. *Id.* at 80-81. The First Circuit concluded supplemental jurisdiction existed over the state law claims and explained:

> While it might be questioned whether [plaintiff]'s state-law claims that her job termination was caused by defamatory comments from the individual defendants arise out of the same transaction as her federal claim that the schools did not afford due process in reaching the termination decision, that is not the test. *See Global NAPs, Inc. v. Verizon New England, Inc.*, 603 F.3d 71, 88 (1st Cir. 2010) ("No Supreme Court case had ever established the same transaction-or-occurrence test as the boundary of Article III case-or-controversy requirement.") (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1996))). We conclude it would not offend the Constitution to assert supplemental jurisdiction over [plaintiff]'s state-law claims. Accordingly, supplemental jurisdiction exists over [plaintiff]'s state-law claims under § 1367(a).

*Id.* at 83.

Here, Plaintiff Fowler alleges he possessed 33 Sanborn Lane through an agreement with Defendant Birch Point Storage, LLC, an entity controlled by Defendant Lalumiere. All the plaintiffs in this action allege that various defendants controlled by Defendant

Lalumiere acquired certain properties, including 33 Sanborn Lane, through fraudulent means and encumbered the properties with mortgage liens. Bangor Savings Bank was granted a mortgage lien on the Sanborn Lane property from one of the former defendant entities allegedly controlled by Defendant Lalumiere. Because Plaintiff asserts that Bangor Savings Bank obtained its interest in 33 Sanborn Lane as the result of Defendant Lalumiere's alleged unlawful conduct and because the right to possess, occupy, and access 33 Sanborn Lane are central issues in Plaintiff Fowler's state law claims, Plaintiff Fowler's state and federal claims arise in part from the circumstances under which the Bank Defendants and Defendant Jones exercised control over 33 Sanborn Lane to the exclusion of Plaintiff Fowler. That is, the existence and terms of any agreement between the RICO defendants and Plaintiff Fowler will likely be issues litigated as part of Plaintiff Fowler's federal claims and will be significant issues in Plaintiff Fowler's state law claims against the Bank Defendants and Defendant Jones. Plaintiff Fowler's state law claims, therefore, are sufficiently connected to the federal claims that he and other plaintiffs have asserted against some of the defendants to provide the Court supplemental jurisdiction over the state law claims even though the alleged unlawful eviction and conversion might be viewed as distinct events. The Court, therefore, has supplemental jurisdiction over the state law claims.

**B.     Application of 28 U.S.C. § 1367(c)**

A district court may decline to exercise supplemental jurisdiction where one or all the factors listed in section 1367(c) are present. Defendants assert that because the Court dismissed all of Plaintiff's federal claims against them, the Court should dismiss the

remaining state law claims, based on section 1367(c)(3), which provides for dismissal when "the district court has dismissed all claims over which it has original jurisdiction."

The Court, however, has not dismissed every federal claim against every defendant. Plaintiffs' federal RICO claims remain against Defendant Lalumiere and several other defendants. There "has not been in this case a dismissal of the federal foundational claims." *DaSilva v. One, Inc.*, Civil No. 12-1286 (DRD), 2015 WL 1470547, at *9 (D.P.R. Mar. 31, 2015). The Court, therefore, is not required to "refrain from exercising supplemental jurisdiction over the state law claims asserted in the amended complaint as permitted under section 1367(c)—the factors established therein were never triggered in the case at bar because" underlying federal claims remain. *Id.*[6]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny the motions to dismiss of the Bank Defendants and Defendant Jones.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen

---

[6] The Bank Defendants and Defendant Jones have not argued that any factor other than § 1367(c)(3) might apply. The only other § 1367(c) factor that might arguably be relevant is § 1367(c)(4), which provides that a court may decline to exercise supplemental jurisdiction "in exceptional circumstances" and "for compelling reasons." While the statute does not define "exceptional circumstances," one court has observed that "at the very least, that phrase extends to highly unusual situations that threaten to have substantial adverse effect on the core [] values of economy, convenience, fairness, and comity." *Arroyo v. Rosas*, 19 F. 4th 1202, 1211 (9th Cir. 2021) (citations omitted). This case does not present the exceptional circumstances that would warrant the Court declining supplemental jurisdiction over Plaintiff Fowler's state law claims.

(14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

     Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison<br>U.S. Magistrate Judge

Dated this 21st day of December, 2022.