UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOEL DOUGLAS, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
|           v. | )    2:20-cv-00227-JDL |
| | ) |
| SCOTT LALUMIERE, et al., | ) |
| | ) |
| | ) |
|    Defendants. | ) |

**ORDER ACCEPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

Plaintiffs Joel Douglas, Steven Fowler, and James Lewis brought this action against twenty-three named Defendants and three John Doe Defendants, alleging seventeen claims involving fraudulent schemes connected to real estate, some arising under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C.A. §§ 1961-1968 (West 2022), and others arising under Maine law (ECF No. 11).[1]

The claims made against fourteen of the Defendants named in the Amended Complaint have been dismissed.[2] Federal law claims remain pending against Defendants Scott Lalumiere, Russell Oakes, Eric Holsapple, Wayne Lewis, and

---

[1] The Plaintiffs' original Complaint was filed on June 24, 2020, with thirteen claims against twenty-one named Defendants and three John Doe Defendants (ECF No. 1). An Amended Complaint was filed on September 15, 2020 (ECF No. 11). John Doe Number I was terminated, and John Doe Number IV was added to the Amended Complaint.

[2] A Motion for Entry of Default against Birch Point Storage, LLC was granted on February 10, 2021 (ECF No. 175). On September 29, 2021, claims against the following Defendants were dismissed: Androscoggin Saving Bank (ECF No. 238); Andre Bellucci (ECF No. 240); Camden National Bank (ECF No. 241); Shawn Lynden, Coastal Realty Capital, LLC, and Michael Lynden (ECF No. 242); David Hirshon and LOSU, LLC (ECF No. 243); TTJR, LLC, BLR Capital, LLC, and LH Housing, LLC (ECF No. 244); and Machias Savings Bank (ECF No. 245). On March 23, 2022, claims against FO Bailey Real Estate, LLC (ECF No. 253) and David Clarke (ECF No. 254) were dismissed.

1

MECAP, LLC. The federal claims that were brought against Defendants Bangor Savings Bank ("BSB") and Robert Burgess were dismissed on September 29, 2021 (ECF No. 239), and the federal claim against David Jones was dismissed on March 23, 2022 (ECF No. 253).

On March 7, 2022, Defendants BSB and Robert Burgess moved pursuant to Fed. R. Civ. P. 12(b)(1)[3] and 28 U.S.C.A. § 1367 (West 2022) to dismiss Counts XII (illegal eviction) and XIV (conversion of personal property) of the Amended Complaint for lack of subject-matter jurisdiction (ECF No. 252). On May 23, 2022, Defendant David Jones moved separately to dismiss Counts XI (trespass), XIV (conversion of personal property), and XV (negligent destruction of personal property) of the Amended Complaint for lack of subject-matter jurisdiction (ECF No. 263). The Defendants argue that the Court lacks supplemental jurisdiction over these state claims because they are not factually connected to the remaining federal claims and alternatively, that the Court should decline to exercise supplemental jurisdiction over the state claims under section 1367(c).

United States Magistrate Judge John C. Nivison filed his Recommended Decision with the Court on December 21, 2022 (ECF No. 292), pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2022) and Fed. R. Civ. P. 72(b). Judge Nivison recommends that the Court deny the Defendants' Motions to Dismiss because the state claims are sufficiently connected to the federal claims that remain pending against other Defendants. Judge Nivison also concludes that the Court is not

---

[3] Although the Defendants state that they move pursuant to Fed. R. Civ. P. 12(h)(3), I construe their motions as filed pursuant to Fed. R. Civ. P. 12(b)(1).

required to refrain from exercising supplemental jurisdiction under section 1367(c) because federal claims remain pending against other parties.

The Magistrate Judge provided notice that a party's failure to object would waive the right to *de novo* review and appeal. The time within which to file objections has expired, and no objections have been filed. Notwithstanding this waiver, I have reviewed and considered the Recommended Decision, together with the entire record, and I have made a *de novo* determination of all matters adjudicated by the Magistrate Judge. I concur with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision and determine that no further proceeding is necessary.

It is therefore **ORDERED** that the Recommended Decision (ECF No. 292) of the Magistrate Judge is **ACCEPTED**, and the Defendants' Motions to Dismiss for Lack of Subject Matter Jurisdiction (ECF Nos. 252, 263) are **DENIED**.

**SO ORDERED.**

**Dated this 24th day of February, 2023.**

                                                                /s/ Jon D. Levy
                                            **CHIEF U.S. DISTRICT JUDGE**