UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOEL DOUGLAS, et al., | ) |
| | ) |
|     Plaintiffs | ) |
| | ) |
| v. | )   2:20-cv-00227-JDL |
| | ) |
| SCOTT LALUMIERE, et al., | ) |
| | ) |
|     Defendants | ) |

**ORDER ON MOTION TO AMEND SCHEDULING ORDER**

Plaintiffs seek to extend the discovery period to conduct the depositions of three individuals. (Motion to Amend Scheduling Order, ECF No. 338/340.)[1] Plaintiffs contend that the need for the depositions was not apparent until review of documents Defendants recently produced in accordance with a Court order issued following two discovery conferences. Defendants argue that prior to the production, the identity of the individuals and the individuals' relationship to the Plaintiffs' central allegations were known to Plaintiffs. Defendants, therefore, object to a further extension of the discovery deadline. After consideration of the parties' arguments, the Court denies Plaintiffs' motion to amend the scheduling order.

---

[1] Plaintiff filed a motion to seal the unredacted motion to amend the scheduling order (ECF No. 338) because the motion included information designated as confidential in accordance with the confidentiality order. (Motion to Seal, ECF No. 339.) Plaintiffs' motion to seal is unopposed. After balancing the various interests as contemplated by *United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013), the Court is satisfied that the seal of the unredacted motion is warranted and, therefore, grants the motion to seal. The redacted version of the motion (ECF No. 340) shall remain available on the public docket.

**DISCUSSION**

"In the ordinary course, a litigant who seeks an extension of time must show good cause for the desired extension." *Rivera-Almodovar v. Instituto Socioeconomico Comunitario*, 730 F.3d 23, 26 (1st Cir. 2013) (citing Fed. R. Civ. P. 6(b)(1)). Similarly, when a party seeks to modify or extend a deadline in a scheduling order, such an order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see Trans-Spec Truck Serv. v. Caterpillar Inc.*, 524 F.3d 315, 327 (1st Cir. 2008) ("The deadlines established in the scheduling order may be extended on a showing of good cause."). "Rule 16's 'good cause' standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2013) (quotation marks omitted); *see O'Connell v. Hyatt Hotels*, 357 F.3d 152, 154 (1st Cir. 2004) (recognizing that a "court may extend a scheduling order deadline on a showing 'of good cause if the [deadline] cannot reasonably be met despite the diligence of the party seeking the extension'") (alteration in original) (quoting Advisory Committee Notes to the 1983 Amendments to Fed. R. Civ. P. 16(b))). In contrast, when a deadline has already expired, a court may permit an extension of time "if [a] party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see Tubens v. Doe*, 976 F.3d 101, 104-105 (1st Cir. 2020) (discussing excusable neglect standard).

Plaintiffs seek an extension of the discovery period to conduct the depositions of Robert Nadeau, a former employee of Defendant Bangor Savings Bank, and Alan Wolf, an attorney whom Plaintiffs contend had a professional relationship with Defendant Scott

Lalumiere and others involved in some of the transactions underlying Plaintiffs' amended complaint (the transactions).  Plaintiffs also request leave to reconvene the deposition of Defendant Eric Holsapple.   In support of their request, Plaintiffs maintain that the most recent productions of documents included relevant information not previously known to Plaintiffs, which information revealed the need to conduct the depositions.  At least as to their request to depose Mr. Nadeau, Plaintiffs rely primarily on an October 16, 2019, email exchange between Mr. Nadeau and Defendant Lalumiere (the email exchange).

    Based on the Court's understanding of the discovery provided throughout the case, Mr. Nadeau's role in Defendant Bangor Savings Bank's involvement in some of the transactions was known to Plaintiffs long before the recent production of documents. Plaintiffs have not persuasively explained or demonstrated how the email exchange transformed Mr. Nadeau from a person Plaintiffs evidently decided not to depose to a person whom Plaintiffs must now depose.  To the extent Plaintiffs contend that the email exchange suggests that Mr. Nadeau has information relevant to the claims Plaintiffs allege against Defendant Lalumiere, the Court is not convinced that the substance of the email exchange can reasonably be viewed as supporting such an inference.  As to Plaintiffs' request to reconvene the deposition of Defendant Holsapple and to depose Mr. Wolf, Plaintiffs fail to provide or describe in any meaningful way how information in recently produced documents establishes good cause for the extension of the discovery period to conduct the requested depositions.[2]

---

[2] As to the request to depose Mr. Wolf, the Court notes that the Court's order that resulted in the recent production of documents required the production of documents that reflect a fee agreement or professional

## CONCLUSION

Based on the foregoing analysis, after review of the record and after consideration of the parties' arguments, the Court denies Plaintiffs' motion to amend the scheduling order.[3] The Court will schedule a conference with counsel to discuss the future course of the case.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of March, 2024.

---

engagement between LH Housing, LLC, and Mr. Wolf. (Order, ECF No. 329.) Plaintiffs, however, have not pointed to a fee agreement or letter of engagement as generating any issues requiring a deposition.

[3] Plaintiffs' prior motion to amend the scheduling order (ECF No. 318), which was on which the Court reserved ruling (Order, ECF No. 325), is dismissed as moot.