UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JOEL DOUGLAS, *et al.*, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00227-LEW |
| | ) | |
| BIRCH POINT STORAGE LLC, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

## **ORDER**

The matter is before the Court on Plaintiff Steven Fowler's Motion for Default Judgment (ECF No. 396) against Defendant Birch Point Storage LLC. The matter is also in need of closure in relation to the Court's Order to Show Cause (ECF No. 395).

The Show Cause Order issued to require Plaintiffs to address the matter of Birch Point's default by non-appearance and to require Plaintiffs to show cause as to why certain John Doe Defendants should not be dismissed. In partial performance under the Order to Show Cause, Plaintiff Steven Fowler has moved for entry of a default judgment against Birch Point Storage LLC, addressing that portion of the Order to Show Cause. However, no Plaintiff has shown any cause why the John Doe Defendants should not be dismissed. The matter of default judgment as to Birch Point Storage follows.

Steven Fowler applies for entry of default judgment by the Court, effectively indicating that he seeks not simply to recover a "sum certain." *See* Fed. R. Civ. P. 55(b). More specifically, Fowler asserts that he seeks relief in the form of rescission of a certain

transaction or transactions involving 661 Allen Avenue, Portland, Maine.[1] Fowler's Motion also leans heavily in the direction of attributing malfeasance to Androscoggin Savings Bank as a joint tortfeasor with Birch Point and Birch Point's principal, Scott Lalumiere.

As for the requested rescission, the Court is uncertain of the availability of the remedy as Fowler evidently imagines it. He states that 9-A M.R.S. § 9-401 provides him such a remedy due to misrepresentations in connection with his real estate dealings with Birch Point. But the record also reflects that Androscoggin Savings Bank foreclosed on the property in question, so presumably title has passed to a party other than Birch Point unless Birch Point redeemed its equity during foreclosure. The record is silent concerning deeds and judgments associated with 661 Allen Avenue since March 28, 2017.

And as for the attribution of blame to Androscoggin Savings Bank, the Court granted Androscoggin Savings Bank's Motion to Dismiss on September 29, 2021, and dismissed the case against Androscoggin Savings Bank. Order on Androscoggin Savings Bank's Motion to Dismiss (ECF No. 238). Consequently, the current Motion does not afford any opportunity for rescission involving Androscoggin Savings Bank.

Given the perplexing condition of the current Motion for Default Judgment, specifically in relation to the request for rescission, the Court DENIES the motion (ECF

---

[1] In his Motion, Fowler states that he "is entitled to rescission of the transaction with respect to 661 Allen Avenue." Mot. at 3. Presumably, Fowler means that he would like there to be a rescission of his sale of the premises to Birch Point. The documents attached as exhibits to the Amended Complaint (ECF No. 11) do not include a document of a sale in which Fowler was seller and Birch Point was buyer, only a purchase and sale agreement in which he was the buyer and a lease agreement in which Birch Point was lessor and he was the lessee. (ECF No. 9-1, PageID # 216-223.)

No, 396) but grants Plaintiff Fowler leave to file a renewed Motion for Default Judgment under either Rule 55(b)(1) or 55(b)(2). However, in the case of a Rule 55(b)(2) motion, to the extent Fowler persists with the request for a rescission Fowler must include a memorandum of law that explains how the Court has the power to grant a rescission that would, in effect, unwind the consequences of Androscoggin Savings Bank's foreclosure against Birch Point and, more particularly, any deeds conveyed in the wake of the foreclosure judgment.[2] Plaintiffs[3] will file a renewed Motion for Default Judgment on or before August 29, 2025. The John Doe Defendants are HEREBY DISMISSED.

SO ORDERED.

Dated this 22nd day of July, 2025.

/s/ Lance E. Walker
Chief U.S. District Judge

---

[2] The prospect of such relief appears quite grim. For example, there is the matter of how to set aside any order of foreclosure. Assuming the foreclosure judgment came out of the state court (this Court's docket does not indicate a foreclosure proceeding against Birch Point), this Court lacks the jurisdiction to invalidate the foreclosure and Fowler would need to pursue that kind of relief in state court. *See, e.g., Udeogu v. Intercontinental Capital Group*, No. 23-CV-2738, 2024 WL 3949283, at *1 (E.D.N.Y. Aug. 27, 2024) (where foreclosure was in state court, rescission of the related mortgage in federal court would violate the *Rooker-Feldman* doctrine); *Scarr v. JPMorgan Chase Bank*, *N.A.*, No. 1:16-cv-2605, 2018 WL 3195160, at *6 (S.D. Ind. Jan. 25, 2018) (same); *Gouveia v. E. Sav. Bank*, *FSB*, No. 10-cv-277, 2010 WL 11610417, at *5 n.1 (D. Haw. July 31, 2010) (same).

[3] In the Motion for Default Judgment, counsel writes that all of the Plaintiffs seek a hearing to determine their right to relief against Birch Point Storage. Mot. at 8 (conclusion). However, the only evidence presented concerns the claims of Plaintiff Steven Fowler. The evidence and argument appear to concern Fowler's claims in Counts V, VI, and VIII. Am. Compl. ¶¶ 191-197. Count V includes a claim by Joel Douglas and Count VI includes a claim by Joel Douglas and James Lewis (in addition to Steven Fowler). If the anticipated renewed motion for default judgment does not include a request for default judgment by Messrs. Douglas and Lewis then their claims against Birch Point Storage will be dismissed.