UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JOEL DOUGLAS, STEVEN FOWLER, and JAMES LEWIS, <br><br>      Plaintiffs <br><br>  v. <br><br>SCOTT LALUMIERE, *et al.*, <br><br>      Defendants | No. 2:20-cv-227-LEW |

PROCEDURAL ORDER AND ORDER TO SHOW CAUSE

The matter is before the Court on Plaintiffs' request for a default judgment hearing against defaulted Defendants MECAP, LLC, and Birch Point Storage, LLC. The docket indicates that all other Defendants in this case are "terminated" and, consequently, no claim is in order for trial. All three Plaintiffs seek a default judgment hearing in anticipation of a damages recovery against the defaulted parties. In addition, Plaintiffs Joel Douglas and Steven Fowler seek a default judgment that grants them the equitable remedy of rescission, to unwind the title consequences of certain real estate transactions in which MECAP, LLC, and Birch Point Storage, LLC, were grantors and/or grantees. According to Plaintiffs' Motion for Default Judgment [and] Memorandum in Support of Rescission (ECF No. 406), third parties to this action are now record title holders of the properties in question. Plaintiffs maintain that their right to rescission is a product of the need to ensure specific

performance of dishonored options to purchase the properties, Mot. at 8-11, and that they should be awarded rescission "without regard to . . . third parties." *Id.* at 11.[1]

In terms of the pending Motion, Plaintiffs' bids for default judgment are as follows:

Mr. Douglas v. MECAP, LLC

Damages will be sought on Counts III (RICO) and V (Truth in Lending Act and Maine Consumer Credit Code).

Rescission will be sought based on Count V, via 9-A M.R.S. § 9-401.

Mr. Fowler v. Birch Point Storage, LLC

Damages will be sought on Counts II (another RICO claim) and V.

Rescission will be sought based on Count V.

Mr. Lewis

Damages will be sought on Count V.

A review of the Amended Complaint (ECF No. 11) reflects that Plaintiffs assert their RICO claims exclusively against certain individual defendants and banks that are now dismissed from the action. They do not assert their RICO claims (Count II or III) against either MECAP or Birch Point Storage. Given the pleadings, the Court does not intend to enter a default judgment that includes a RICO damages award and will assess the damages claims exclusively in the context of Count V. Furthermore, although Plaintiff Lewis

---

[1] The docket indicates that Marc Fishman and Whipping Post LLC previously appeared as Objectors in relation to a motion for preliminary injunction that sought to restrain a forcible entry and detainer action concerning 661 Allen Avenue in Portland. *See* Order on Pl. Steven Fowler's Mot. for Temporary Restraining Order (ECF No. 193). Both have or had an interest in the property that Plaintiff Fowler seeks to recover.

pursues a default judgment against the defaulted parties under Count V, a review of Count V reveals that the Count was asserted exclusively on behalf of Plaintiffs Douglas and Fowler, not Lewis.  Consequently, a default judgment is not available for Plaintiff Lewis on Count V.

As for the rescission remedy sought by Plaintiffs Douglas and Fowler, the Court will in no event issue a default judgment that has the effect of unwinding transactions upon which the property rights of third parties rest when they have not been joined in the proceedings.  *See* Fed. R. Civ. P. 19.  Pursuant to Rule 19(a)(2):  "If a person has not been joined as required, the court must order that the person be made a party."  Based on my understanding of the Rule, a reconfiguration of the Amended Complaint is needed to implead required parties.  Assuming that a motion to amend is filed, the grant of the motion will lift (at least temporarily) the defaults of MECAP and Birch Point Storage.

Because of the foregoing concerns, Plaintiffs Douglas and Fowler are required to file a motion to amend their pleading for the exclusive purpose of impleading parties-in-interest whose interest in the subject real estate would be impacted by the hoped-for rescission remedy, unless Plaintiffs Douglas and Fowler intend to forego the rescission remedy.  If the motion to amend is granted, the putative parties-in-interest will need to be served.  Because the anticipated second amended complaint will not introduce any new claims against existing defendants, formal service of process is not required on the existing defendants, all of whom will receive notice of the motion by electronic means through the Court's case management system.

In relation to the anticipated motion to amend, the Court invites but does not require existing parties to oppose the motion to amend, provided that they have a stake in the viability of the Count V rescission remedy in regard to its effect on downstream transfers of title in either the Allen Avenue or Beach Street properties. If the motion to amend is filed and is granted, either in the absence of any opposition or despite any opposition that may be filed, and assuming the matter is once more in order for a default judgment hearing, the impleaded parties-in-interest will be heard both as to the propriety of a default judgment hearing in which rescission is on the table and/or, should it prove necessary, at the hearing itself.[2]

Accordingly, the entry will be as follows:

Plaintiffs' Motion for Default Judgment (ECF No. 406) is DENIED IN PART and RESERVED IN PART. The Motion is DENIED as to the RICO claims asserted in Counts II and III. The Motion is also DENIED as to Plaintiff Lewis's request for default judgment on Count V. The Motion is RESERVED as to Plaintiff Douglas's and Plaintiff Fowler's requests for relief on Count V. In order for the rescission remedy to be preserved, Plaintiffs must file, within 30 days of this Order, a motion to amend the pleadings, exclusively to implead parties-in-interest who hold title to the subject properties. In the absence of such a motion the existing claims for rescission will be dismissed and the Motion for Default Judgment will be scheduled for a hearing on Count V. If the motion is made and granted,

---

[2] The Court's plan for how this matter might proceed upon the granting of a motion to amend is only a preliminary assessment. Any party ultimately joined in this case will be heard concerning the most appropriate scheduling order.

Plaintiffs' Motion for Default Judgment will be mooted and Plaintiff will need to file a renewed motion for default judgment, assuming MECAP, LLC and Birch Point Storage, LLC once more fail to answer.

SO ORDERED.

Dated this 6th day of February, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge